The UNITED STATES of America

v.

Michael G. THEVIS, Global Industries, Inc., Fidelity Equipment Leasing Corp., William Ross Mahar, Anna Jeanette Evans and Alton Bart Hood.

Crim. A. No. Cr. 78–180A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 7, 1979.

See also D.C., 474 F.Supp. 117.

William L. Harper, U. S. Atty., Dorothy Y. Kirkley, Craig A. Gillen, Asst. U. S. Attys., Atlanta, Ga., for plaintiff.

Bobby Lee Cook, Cook & Palmour, Summerville, Ga., for Thevis.

Edward T. M. Garland, Garland, Kadish & Nuckolls, Atlanta, Ga., for Global and Fidelity.

Austin E. Catts, Atlanta, Ga., for Evans.

Dean Grindle, Jr., Atlanta, Ga., for Hood.

### ORDER

HAROLD L. MURPHY, District Judge.

Defendant Michael G. Thevis has moved to dismiss Counts I and II of the indictment. All defendants have adopted his motion. In support of the motion, the defendant advances four arguments: (1) the counts must be dismissed for failure to state a claim; (2) the counts are based on a statute which is unconstitutional both facially and as applied; (3) paragraphs six and seven which seek forfeiture must be dismissed as an unconstitutional application of 18 U.S.C. § 1963; and (4) the forfeiture provisions of 18 U.S.C. § 1963 are unconstitutional. The Court will analyze each argument separately.

Counts I and II allege that the defendants were members of an enterprise which conducted its affairs through a pattern of

racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* Count I charges a substantive violation of the act, 18 U.S.C. § 1962(c), while Count II alleges a conspiracy to violate RICO, conduct proscribed by 18 U.S.C. § 1962(d).

## I.

The defendant's first attack is strategic: he urges that the enterprise alleged in the indictment is not included in the statutory definition of that term, 18 U.S.C. § 1961(4) and, thus, he concludes that Counts I and II must fall for failure to charge a violation of RICO. *See, United States v. Mandel,* 415 F.Supp. 997 (D.Md.1976). In support of this conclusion, the defendant argues that the statutory language, Congressional intent, and traditional canons of statutory construction all support the defense contention. While the government acknowledges that the enterprise set forth in the indictment is not specifically included in the statutory definition, it is the prosecution's contention that the definitional verb "includes" as used in the statutory definition is neither exhaustive nor inclusive, but a term of enlargement. Furthermore, the government urges in support of its position the Congressional directive that RICO "shall be liberally construed to effectuate its remedial purpose. . . ." Pub.L. No. 91–452, § 904, 84 Stat. 947 (1970).

The enterprise alleged in the indictment is "a group of individuals associated in fact with various corporations to operate a pornography business through certain unlawful means. . . ." Indictment, ¶ 1(e), p. 3.[1] The statutory definition of enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Since the statute does not specifically embrace an enterprise composed of "a group of individuals associated in fact with various corporations," the defendant concludes that both Counts I and II must be dismissed since there is no violation of 18 U.S.C. § 1962 if the enterprise which conducts its affairs through a pattern of racketeering activity is not the "enterprise" defined in 18 U.S.C. § 1961(4).

The challenge mounted by the defendants is a question of first impression. Although the RICO enterprise concept has withstood a variety of different attacks,[2] those thrusts have generally been limited to the question of whether the RICO enterprise embraced licit as opposed to illicit organizations, *see, United States v. McLaurin,* 557 F.2d 1064 (5th Cir. 1977), formal as opposed to informal organizations, *United States v. Elliot, supra,* or governmental as opposed to nongovernmental organizations. *Compare, United States v. Frumento,* 563 F.2d 1083 (3rd Cir. 1977), *cert. denied sub nomine Millhouse v. United States,* 434 U.S. 1072, 98 S.Ct. 1256, 55 L.Ed.2d 775 (1978); *United States v. Brown, supra* with *United States v. Mandel, supra.*

In answering this new question, this Court is convinced that the RICO enterprise is broad enough to embrace an enterprise defined as a "group of individuals associated in fact with various corporations." In reaching this conclusion, the Court has relied, as has the defendant, on the language

---

1. The enterprise is defined a second time in Paragraph 3 of the indictment, to wit: "a group of persons associated in fact with various corporations to operate a pornography business through certain unlawful means. . . ." Indictment, ¶ 3, p. 3. Since "person" as defined by 18 U.S.C. § 1961(3) "includes any individual or entity capable of holding a legal or beneficial interest," this second enterprise could arguably be broader than that set forth in Paragraph 1(e). However, for the purpose of this motion, it is presumed that the two enterprises each allege the same combination: "a group of individuals associated in fact with various corporations."

2. *United States v. Elliot,* 571 F.2d 880 (5th Cir. 1978), cert. denied, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1979) (individuals associated in fact held RICO enterprise); *United States v. Hawes,* 529 F.2d 472 (5th Cir. 1976) (corporations held RICO enterprises); *United States v. Brown,* 555 F.2d 407 (5th Cir. 1977) (city police department held RICO enterprise). *But cf., United States v. Mandel, supra* (government of Maryland held not a RICO enterprise).

of the statute itself, the Congressional intent, and the traditional canons of statutory construction.

■ The starting point for analysis of the question presented must be the statute in question, 18 U.S.C. § 1961(4). At the onset, it must be recognized that the definition is neither exhaustive or inclusive, for had Congress intended to strictly limit the forms of potential RICO enterprises, it would have employed the definitional verb "means." *See, Helvering v. Morgan's Inc.,* 298 U.S. 121, 125 n. 1, 55 S.Ct. 60, 79 L.Ed. 232 (1934). As the Supreme Court noted in that opinion, " '[i]ncludes' imports a general class, some of whose particular instances are those specified in the definition." *Helvering v. Morgan's Inc., supra* at 125 n. 1, 55 S.Ct. at 62 (1934). That Congress recognized those definitional distinctions is illustrated by the statute itself. *Compare,* 18 U.S.C. § 1961(1) ("racketeering activity means . . .") with 18 U.S.C. § 1961(4) ("enterprise includes . . .").

While the outer limits of the RICO enterprise may be obscure, this Court is convinced that the enterprise alleged in the indictment is within the general class set forth in the statutory definition.

The indictment states that the enterprise was "a group of individuals associated in fact with various corporations." Under the statutory definition, the enterprise could be an individual, Atkinson, *"Racketeer Influenced and Corrupt Organizations,"* 18 U.S.C. §§ 1961–68: *Broadest of the Federal Criminal Statutes,* 69 J.Crim.L.C. 1 (1978), a group of individuals, *United States v. Elliot, supra,* or a corporation, *see, United States*

*v. Dennis,* 458 F.Supp. 197 (E.D.Mo.1978). The defendant urges, however, that the enterprise could not be a *de facto* combination of individuals and corporations: though under the statute, each of the integral parts of this larger enterprise would qualify as an enterprise standing alone.

This narrow view of the defendants overlooks the inclusion of the term "association" within the general class by which enterprise is defined. Association is "[t]he act of a number of persons in uniting together for some special purpose . . . for good or ill." *Black's Law Dictionary,* p. 156 (4th Ed.). The indictment alleges that the enterprise was "a group of individuals associated in fact with various corporations," and this combination of individuals and corporations is an association formed, the indictment alleges, for the particular purpose of operating a pornography business through certain unlawful means.

■ While it cannot be doubted that the enterprise concept of 18 U.S.C. § 1961(4) has limits, it is not necessary to define those limits in this case, since the Court determines that the alleged combination of individuals associated in fact with various corporations is an association and, thus, an enterprise under 18 U.S.C. § 1961(4).[3]

■ While this Court is concerned over the inherent conflict between RICO's liberal construction clause and the traditional canon that ambiguities in criminal statutes are to be strictly construed, *see, United States v. Mandel, supra* at 1022, it is not necessary to address that conflict at this junction.[4]

---

**3.** The Court is not concerned that the association found in this context is not a legal entity as Congress apparently intended. The simple answer to Congress' use of the phrase "enterprise includes . . . [an] association, or other legal entity" is that an association is not a separate legal entity. Black's Law Dictionary, supra at 156. And while Congress may desire that a particular entity be accorded a separate legal status, the Court is not bound by that implied desire. "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison,* 5 U.S. 137, I Cranch 137, 176, 2 L.Ed. 60 (1803). The interpretation of the meaning of statutes, as applied

to justiciable controversies, is exclusively a judicial function. *United States v. Amer. Trucking Ass'ns, Inc.,* 310 U.S. 534, 544, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940).

**4.** In *Mandel, supra* at 1022, the Court limited the scope of the "enterprise" by relying on "the traditional canon of interpretation that ambiguities in criminal statutes are to be construed in favor of leniency. [citation omitted]. To do so would be to violate the principles of due process on which the canon of interpretation rests." While this Court agrees that statutes which proscribe criminal activity should be strictly construed against ambiguity, so that "a fair

Since membership alone in an enterprise as defined by 18 U.S.C. § 1961(4) is not proscribed criminal activity, there is no due process requirement that the enterprise be strictly construed, and as already observed, the Congress has directed that RICO shall be liberally construed in accordance with its remedial purpose, and that purpose was "to seek the eradication of organized crime in the United States by strengthening the legal tools . . . ." Pub.L. 91–452, § 1, 84 Stat. 923. As the Fifth Circuit Court of Appeals noted in *United States v. Levy*, 579 F.2d 1332, 1337 (5th Cir. 1978), "a criminal statute should be fairly construed in accordance with the legislative purpose behind its enactment. *See, e. g. United States v. Turley*, 352 U.S. 407 [77 S.Ct. 397, 1 L.Ed.2d 430] (1957)." Thus, in construing this act and effectuating this purpose, the Fifth Circuit has given the RICO enterprise "a very broad meaning." *United States v. Elliot, supra* at 897.[5]

## II.

The defendant's second argument is that 18 U.S.C. § 1962 is void for vagueness.

■ 18 U.S.C. § 1962(c) provides, in part, that: "[i]t shall be unlawful for any person *employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct* of such enterprise's affairs *through a pattern of racketeering activity*." (emphasis added). The defendant contends that the italicized portions of the aforementioned statute are impermissibly vague, *see, Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), and that Counts I and II must be dismissed as a result.[6]

Facially, the phrase "employed by or associated [by an] enterprise" is not unconstitutionally vague, *United States v. Hawes*, 529 F.2d 472, 479 (5th Cir. 1976); nor is the language "to conduct or participate, directly or indirectly, in the conduct of enterprise's affairs." *United States v. Stofsky*, 409 F.Supp. 609 (S.D.N.Y.1973), *aff'd* 527 F.2d 237 (2d Cir. 1975); *United States v. Scalzitti*, 408 F.Supp. 1014 (W.D.Pa.1975); *United States v. Field*, 432 F.Supp. 55 (S.D. N.Y.1977), *aff'd* 578 F.2d 1371 (2d Cir. 1978), *cert. dismissed* 439 U.S. 801, 99 S.Ct. 43, 58 L.Ed.2d 94 (1979). Finally, the phrase "through a pattern of racketeering activity" is not unconstitutional under the vagueness doctrine. *United States v. Hawes, supra*.[7]

---

warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed," *McBoyle v. United States*, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (J. Holmes), it is a different thing entirely to apply that same canon of strict construction to a definitional concept the limits of which do not determine criminal liability.

Notwithstanding *Mandel's* reliance on *United States v. Bell*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) and *Rewis v. United States*, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1970) and the defense citation of *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) and *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), this Court believes each of those holdings inapposite, for in each the Supreme Court was construing a statute which proscribed certain conduct. The definitional statute under scrutiny here, on the other hand, does not outlaw any sort of behavior, and thus, the aforementioned citations are not on point.

**5.** The defendant urges that RICO was only meant to act on legitimate businesses which have been infiltrated by organized criminal ac-

tivity. (Brief of defendant Thevis, p. 11). This interpretation of the statute's scope has been expressly rejected by the Fifth Circuit as well as the majority of the courts which have considered that issue. *United States v. McLaurin, supra* at 1073; *United States v. Frumento, supra; United States v. Altese*, 542 F.2d 104 (2d Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 750 (1977); *United States v. Cappetto*, 502 F.2d 1351 (7th Cir. 1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975).

**6.** Count II arises under 18 U.S.C. § 1962(d) which makes it unlawful to conspire to violate 18 U.S.C. § 1962(c).

**7.** There is a dispute among the circuits as to whether the predicate acts in the "pattern of racketeering activity" must share an interdependence among themselves. *Compare United States v. Elliot, supra, with United States v. Stofsky, supra*. This Court, of course, pays allegiance to the views of the Fifth Circuit, and notes that under its interpretation, no interrelation among the predicate acts themselves is required other than the requisite nexus to the

■ The argument that 18 U.S.C. § 1962 is unconstitutionally vague as applied here has even less merit. Only three defendants,[8] Thevis, Global Industries, Inc. and Fidelity Equipment Leasing Corporation, are indicted under the two RICO counts. The gravamen of the offense proscribed in 18 U.S.C. § 1962(c) is "the conduct of an enterprise's affairs through a pattern of racketeering activity." *United States v. Elliot, supra* at 899, n. 23.

Since the indictment alleges that the three defendants were members of an enterprise which had as its purpose the operation of a pornography business, and which purpose was advanced by means of a pattern of racketeering activity in which the defendants participated, there can be no real argument that this conduct was in an area of such attenuated and ambiguous criminal liability under 18 U.S.C. § 1962(c) that the conduct of the defendants should be protected by the shield of the vagueness doctrine.

### III.

In part III of the defendant's motion to dismiss, the defense asserts that Paragraphs Six and Seven of the indictment must be dismissed as an unconstitutional application of 18 U.S.C. § 1963. Part IV of their argument asserts that that statute itself is unconstitutional. The Court will analyze those two arguments in reverse order.

The defendant forwards three different rationales in support of his contention that the forfeiture authorized by 18 U.S.C. § 1963(a)[9] is unconstitutional: (1) that forfeiture is barred by Article III, Section III; Clause 2 of the Constitution; (2) that forfeiture is cruel and unusual punishment for-

bidden by the Eighth Amendment; and (3) that the statute is unconstitutionally vague and overbroad. The Court will analyze each seriatim.

Article III, Section III, Clause 2 of the United States Constitution provides:

That Congress shall have Power to declare the Punishment of Treason, but no Attainder of Treason shall work Corruption of the Blood, or Forfeiture except during the Life of the Person attainted.

The defendant concludes that this constitutional section prohibits forfeiture of estate upon conviction of a felony, and since, the defendant urges, 18 U.S.C. § 1963 provides for a forfeiture of estate upon conviction of the felonious conduct proscribed by 18 U.S.C. § 1962, it is constitutionally barred by Article III, Section III.

■ While it is true that the aforementioned constitutional section prohibits forfeiture of estate upon conviction of treason and that forfeiture of estate as a consequence of federal criminal conviction has been barred by legislation since 1790, *see*, 18 U.S.C. § 3563; Rev.Stat. § 5326 (1874); 1 Stat. 117 (1790), legislative bodies in this country, both before and after the adoption of the Constitution, have consistently enacted forfeiture laws impacting upon property utilized during the commission of a criminal offense. As the Supreme Court recognized in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 683, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1973): "contemporary federal and state forfeiture statutes reach virtually any type of property that might be used in the conduct of a criminal enterprise." Thus, it can be seen that while forfeiture of estate—the forfeiture of all right, title and interest, wheresoever situate—is barred by 18 U.S.C. § 3563, there is neither a constitu-

---

affairs of the enterprises. *United States v. Elliot, supra* at 899, n. 23.

**8.** The fourth defendant William Ross Mahar has died since the return of the indictment.

**9.** 18 U.S.C. § 1963(a) provides that:

(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more

than twenty years, or both, and shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.

tional nor a statutory barrier to the limited forfeiture of property utilized to violate the criminal law.[10]

■ 18 U.S.C. § 1963 does not provide a forfeiture of estate upon conviction of activities proscribed by 18 U.S.C. § 1962. On the contrary, the forfeiture authorized by 18 U.S.C. § 1963 is extremely narrow: the statute provides for forfeiture of an interest acquired or maintained in an enterprise through a pattern of racketeering activity, or any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over an enterprise established or operated in violation of 18 U.S.C. § 1962. Succinctly, 18 U.S.C. § 1963(a) provides for forfeiture of an interest in, claim against, or property or contractual right affording a source of control over a § 1962 enterprise.[11]

Since the forfeiture authorized by 18 U.S.C. § 1963 is limited to that property utilized in the commission of the conduct proscribed by 18 U.S.C. § 1962, there is no constitutional proscription against that forfeiture under Article III, Section III.

■ Secondly, the defendant asserts that § 1963 forfeiture is forbidden by the Eighth Amendment's ban against cruel and unusual punishment. As noted, *supra*, § 1963 forfeiture is not the more general forfeiture of estate, and this Court finds that it is not "cruel" in the sense that it is neither excessive nor disproportionate, and it does not involve needless severity. *See, e.g. Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). Furthermore, the forfeiture authorized by 18 U.S.C. § 1963 is not an unusual penalty. *See, e. g.* 18 U.S.C. § 3615 (forfeiture of property used in connection with liquor violations);

18 U.S.C. § 3612 (forfeiture of property used in connection with illegal bribes); 18 U.S.C. § 1082 (forfeiture of property used in connection with illegal gambling); 49 U.S.C. § 782 (forfeiture of property used in connection with narcotics violations).

Accordingly, this Court holds that the forfeiture prescribed by 18 U.S.C. § 1963 is neither cruel nor unusual, and the Eighth Amendment does not prohibit its application.

■ Finally, the defendant argues that 18 U.S.C. § 1963 is unconstitutionally vague and overbroad. While this challenge was rebuffed without discussion in *United States v. Amato*, 367 F.Supp. 547, 549 (S.D. N.Y.1973), it is not necessary for this Court to rely on that decision for its holding, for this Court is convinced that the statute has definable limits which are neither vague, ambiguous nor overbroad.

18 U.S.C. § 1963(a) is divided into two subparts, the first of which provides for the mandatory forfeiture of "[an] interest he has acquired or maintained in violation of section 1962." The limits of the forfeiture authorized by 18 U.S.C. § 1963(a)(1) are found in § 1962 and that latter statute proscribes, among other activities: (a) the acquisition of an interest in an enterprise, directly or indirectly, from income generated from a pattern of racketeering activity; and (b) the acquisition or maintenance of an interest in an enterprise through a pattern of racketeering. 18 U.S.C. § 1963(a)(1) simply provides that the interest in the enterprise acquired or maintained in violation of § 1962(a) or (b) shall be forfeited.

■ Furthermore, the use of the term "interest" indicates that the "interest" is a

---

**10.** Prior to the passage of RICO, the forfeiture statutes were brought as *in rem* actions against articles or contraband put to illegal use. RICO, on the other hand, is an *in personam* forfeiture in that the forfeiture under 18 U.S.C. § 1963 mandatorily follows the conviction of the defendant under § 1962. However, it is important to note that the forfeiture authorized by RICO is, like the traditional *in rem* action, limit-

ed to interests or property rights put to an illegal use under 18 U.S.C. § 1962.

**11.** By § 1962 enterprise, this Court means an enterprise in which an interest was acquired or maintained through a pattern of racketeering or an enterprise whose affairs are conducted through a pattern of racketeering activity in violation of 18 U.S.C. § 1962.

part of a larger whole,[12] and the employment of that term establishes additional limits for the forfeiture mandated under § 1963(a)(1).

Curiously, the term "interest" is not defined by RICO, but as employed in 18 U.S.C. § 1963(a), it derives its meaning from the activities barred by § 1962.

As previously noted, 18 U.S.C. § 1962(a) and (b) proscribe the acquisition or maintenance of an interest in an enterprise, either directly or indirectly, through a pattern of racketeering activity, and it is this interest in the enterprise alone which is subject to forfeiture under § 1963(a)(1). *United States v. Marubeni American Corp.*, (Cr. No. 78–1060–HP), (D.C.Cal. 3/30/79).

While the government contends that the income or "the fruits or profits" derived from § 1962 enterprise are "an interest" subject to forfeiture under 18 U.S.C. § 1963(a)(1), the more natural interpretation is that an " 'interest' is akin to a continuing proprietory right in the nature of a partnership or stock ownership (or holding a debt or claim, as distinguished from 'equity' investment) rather than mere dividends or distributed profits." *United States v. Meyers*, 432 F.Supp. 456, 461 (W.D.Pa.1977).

That this distinction between income and interest was recognized by Congress is illustrated by 18 U.S.C. § 1962(a). That subsection makes it illegal to invest income derived from a pattern of racketeering activity by acquiring an interest in an enterprise. Though Congress recognized that income and profits could be generated by a pattern of racketeering activity, it chose to require forfeiture only of the interest in, and not the income of, a § 1962 enterprise.

One other factor convinces this Court that the limits of forfeiture authorized by 18 U.S.C. § 1963 do not embrace fruits or profits derived from the operation of a § 1962 enterprise.

18 U.S.C. § 1963(a)(1) is directed at an interest acquired or maintained "*in violation of section 1962.*" (emphasis added). The statutory concept on which 18 U.S.C. § 1962 rests is the "enterprise" concept; that is to say, it is the acquisition, maintenance, or participation in an enterprise through a pattern of racketeering activity that is proscribed under that section. Since it is the addition of the "enterprise" concept which distinguishes a RICO prosecution under 18 U.S.C. § 1962 from an ordinary prosecution directed at each of the individual predicated acts which constitute the pattern of racketeering activity, this Court is convinced that the "interest" subject to forfeiture under 18 U.S.C. § 1963(a) is limited to the interest in the enterprise and does not extend to fruits or profits generated from the enterprise.

While the Court is mindful of the Congressional directive that RICO be liberally construed, that mandate must be ignored when the statute to be interpreted proscribes certain activities or provides for forfeiture of interests acquired or maintained in violation of the proscribed activities. *United States v. Rubin*, 559 F.2d 975, 991 (5th Cir. 1977), *vacated and remanded on other grounds*, 439 U.S. 810, 99 S.Ct. 67, 58 L.Ed.2d 102 (1978). To do otherwise and allow a broad, expansive construction of 18 U.S.C. § 1963(a) is to invite serious due process problems under the Fifth Amendment.[13]

Accordingly, this Court holds that the scope of 18 U.S.C. § 1963(a)(1) is limited to an interest in the enterprise acquired or maintained in violation of § 1962. The statute is clear, precise, and defined: it is neither unconstitutionally vague nor ambiguous, and the Court finds that it is constitutional.

Nor is this Court willing to hold that 18 U.S.C. § 1963(a)(2) is unconstitutional.

12. Interest: "a right, claim, or share of something." The American Heritage Dictionary of the English Language, p. 683 (1st Ed. 1976).

13. If the "interest" forfeited under 18 U.S.C. § 1963(a)(1) were not specifically within the statute's embrace, then that forfeiture would be a deprivation of property without due process of law in violation of the guarantees of the Fifth Amendment. A liberal construction of "interest" would foment these constitutional confrontations.

That subpart provides for mandatory forfeiture of "any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise . . . ."

As in the first subpart, 18 U.S.C. § 1963(a)(2) references § 1962 as the starting point for analysis of what properties are subject to forfeiture.

As previously noted, 18 U.S.C. § 1962(a) and (b) proscribe the acquisition or maintenance of an interest in an enterprise, directly or indirectly, through a pattern of racketeering activity. The interest in the enterprise acquired or maintained in such an illegal manner would be an interest in an enterprise subject to forfeiture under 18 U.S.C. § 1963(a)(2).[14]

18 U.S.C. § 1962(c) proscribes a person conducting or participating in the affairs of an enterprise through a pattern of racketeering activity. *United States v. Elliot, supra,* at 899, n. 23.

18 U.S.C. § 1963(a)(2) complements § 1962(c) in that it requires forfeiture of the defendant's interest in the enterprise whose affairs are conducted in violation of § 1962. Similarly, 18 U.S.C. § 1963(a)(2) reaches the securities of or claims against the enterprise owned by the defendant who is found guilty of the activity outlawed by § 1962(c). Finally, the forfeiture authorized by the statute reaches a "property or contractual right of any kind affording a source of influence over . . . any enterprise." 18 U.S.C. § 1963(a)(2). While the statute's sweep is broad, it is not vague or ambiguous, and this Court does not find 18 U.S.C. § 1963(a)(2) unconstitutional.

As the Court discussed earlier, the interest subject to forfeiture is the interest in the enterprise. While that "interest" may be more easily identified when the enterprise is an entity capable of owning property in its own right, this Court does not believe that the interest subject to forfei-

ture under 18 U.S.C. § 1963(a)(2) is solely limited to interests in enterprises which are separate legal entities.

In the case at bar, the enterprise is an association, an organization, absent statutory intervention, incapable of holding property in its own right. Nonetheless, the defendants have allegedly furthered the goal of the enterprise by placing property which they held in their individual or corporate capacities under the control of the association, so that the association could achieve their jointly held goals.

Like an investment in the stock of a corporation or a capital interest in a partnership, a person's informal contribution of property to an association is an interest in that association subject to forfeiture under 18 U.S.C. § 1963(a)(2), since the contributed property has been put at the risk of the association's success. It is an investment in the success of the association, just as surely as a purchase of stock in a corporation or a contribution of capital to a partnership.

This Court is convinced that the Congressional intent underlying RICO supports this construction. First, the forfeiture of the defendant's interest in the enterprise strikes at the defendant's economic ability to participate in future activities of the sort of which he was convicted under 18 U.S.C. § 1962. *United States v. Rubin, supra* at 991. Thus, to that end the statute requires forfeiture of his interest—that is the property which the defendant contributed to the enterprise to forward its goals and the defendant's interest in the undistributed profits of the enterprise. Second, forfeiture of the defendant's interest has the added virtue of breaking any economic tie between the defendant and the enterprise; in effect, the forfeiture of the defendant's interest sanitizes the enterprise by excising that portion of its assets which were acquired, maintained, or utilized in violation of 18 U.S.C. § 1962. *United States v. Rubin,*

---

**14.** While 18 U.S.C. §§ 1963(a)(1) and (a)(2) both provide for the forfeiture of an interest in the enterprise, it seems to this Court that § 1963(a)(1) is directed towards the forfeiture of a minority interest in an enterprise controlled by others. 18 U.S.C. § 1963(a)(2), on the other hand, reaches the interest in the enterprise where the defendant is in control, either alone or in conjunction with other defendants.

*supra* at 992. Third, the limited forfeiture of the property acquired, maintained, or utilized in the conduct proscribed by 18 U.S.C. § 1962 reflects, no doubt, our society's traditional concern for the sanctity of private property afforded under both our Constitution and our system of economic development. Presumably under our free enterprise system, the good of society as a whole is advanced by the freedom afforded private persons to determine how to allocate their resources. The limited forfeiture authorized by 18 U.S.C. § 1963(a) advances that goal by only requiring the loss of those resources which have been illegally allocated in violation of 18 U.S.C. § 1962; the defendant's remaining resources survive conviction intact, and they may be deployed or redeployed as the defendant determines in his best interest.

There is nothing vague, ambiguous, or attenuated about this construction. The defendant is clearly apprised that his property which is contributed to the success of an association which conducts its affairs through a pattern of racketeering activity in which he participates is subject to forfeiture.

 The only other possible vagueness challenge arises over the phrase "property or contractual right of any kind affording a source of influence." This phrase also complements 18 U.S.C. § 1962(c) in that, contrary to the assertion of the defendant, it reaches property rights or contractual rights within or without the enterprise which have afforded a continuing source of influence over the enterprise.[16] Thus, the retention of voting rights in securities of the enterprise or a management contract between the defendant and the enterprise would be subject to forfeiture under this section if utilized to afford a continuing source of influence over the § 1962 enterprise.

As construed by this Court, 18 U.S.C. § 1963(a)(2) is neither vague nor ambiguous. While its scope is broad, the limits of the statute are defined with sufficient clarity, so that an individual is apprised of that property which is subject to forfeiture under its provisions.

## IV.

Finally, the defendant attacks Paragraphs Six and Seven of the indictment as an unconstitutional application of 18 U.S.C. § 1963(a).

In its Bill of Particulars, the government contends that the property interests described in Paragraph Six of the indictment are subject to forfeiture under 18 U.S.C. § 1963(a)(1) as the fruits and profits of the activities conducted in violation of § 1962(c) and, as incorporated by Count II, § 1962(d).

As this Court has already held in Part III that 18 U.S.C. § 1963(a)(1) embraces only the interest in the enterprise, and not the fruits or profits generated by a violation of § 1962, Paragraph Six must be dismissed.

 The defendant also urges that Paragraph Seven must be dismissed. Under 18 U.S.C. § 1963(a)(2), the government seeks forfeiture of all assets of the corporate defendants, various real estate properties, contract rights, property rights, and interests in various publishing ventures.

The defendant urges that: (1) the property cannot be forfeited as an interest in the enterprise, because the enterprise is a de facto association; and (2) the contract rights are not subject to forfeiture, because they afford control over the constituent members of the enterprise but not over the enterprise itself.

The Court will not strike Paragraph Seven of the indictment at this time. The determination of what properties are sub-

---

**16.** The use of the participial phrase "affording a source of influence" indicates that Congress intended the property or contractual right affording that source of influence to be a continuing power source. Otherwise, had Congress desired 18 U.S.C. § 1963(a)(2) to impact upon a property or contractual right which once, but not continually, afforded a source of influence, then it would have utilized the present perfect "have afforded;" that tense would have embraced a property or contractual right which had at least on one occasion afforded a source of influence over the enterprise.

ject to forfeiture will turn on the evidence adduced at trial. For example, the government seeks the forfeiture of all the assets of Fidelity Equipment Leasing Corporation. If the government carries its burden and shows that each of Fidelity's assets were contributed to or utilized by the association to forward its goals, then forfeiture under 18 U.S.C. § 1963(a)(2) would be proper. However, that determination cannot be made until the close of the government's evidence.

This same result could be reached by noting that the properties designated in Paragraph Seven are also capable of inclusion under 18 U.S.C. § 1963(a)(2) as "property . . . [rights] affording a source of influence." As this question will also turn on the evidence elicited by the government at trial, it would be inappropriate to strike the various properties designated in Paragraph Seven at this time.

Nor will the Court dismiss those subparagraphs which seek forfeiture of various contract rights. Those rights are over various members of the enterprise, and contract rights which afford one defendant a source of influence over another defendant may also afford a source of influence over the association-enterprise of which they are both members.

The defendant also contends that Paragraph Seven is defective in that portions of it seek to cause the forfeiture of interests held by the defendant's heirs, successors and assigns. This Court agrees. Mandatory forfeiture under 18 U.S.C. § 1963(a) follows conviction of the activities set forth in § 1962, *United States v. Meyers, supra* at 461. To the extent that those "heirs, successors, and assigns" are not before the Court, there can be no forfeiture under 18 U.S.C. § 1963 since there can be no conviction under § 1962.

Finally, the defendant contends that the properties subject to forfeiture are not listed with sufficient particularity as required by Rule 7(c)(2), F.R.Crim.P. Since the government seeks the forfeiture of the defendant's entire interest in the designated properties, Rule 7(c)(2) is satisfied.

Accordingly, the motion to dismiss Counts I and II is denied except that Paragraph Six in Count I and as incorporated in Count II is dismissed. To the extent that Paragraph Seven (i) in Counts I and II seeks forfeitures from persons not before the Court it is dismissed.

SO ORDERED this the 7th day of August, 1979.