In re Benny Eugene
COLEMAN, Debtor,

Fred W. WOODSON, Trustee, Plaintiff,

v.

BANK OF OKLAHOMA, CLAREMORE,
formerly First Bank in Claremore,
Defendant.

Bankruptcy No. 84–00548.
Adv. No. 84–0180.

United States Bankruptcy Court,
N.D. Oklahoma.

Nov. 25, 1985.

Fred W. Woodson of Woodson, Phillips & Associates, Inc., Tulsa, Okl., for plaintiff.

Richard D. Mosier of Carle & Higgins, Claremore, Okl., for defendant.

## MEMORANDUM OF DECISION AND ORDER

MICKEY D. WILSON, Bankruptcy Judge.

This adversary proceeding is brought by Fred W. Woodson, trustee for the debtor estate and plaintiff, who objects to the claim of a perfected security interest in the debtor's boat, boat motor and boat trailer by Bank of Oklahoma, Claremore,[1] defendant. Plaintiff asserts that defendant does not have a valid security interest in debtor's boat, boat motor and boat trailer because defendant improperly sought perfection by filing a security agreement and financing statement listing the property as collateral in Rogers County, Oklahoma. Plaintiff claims that the proper method of perfection of a security interest in a boat, boat motor and boat trailer is by filing a lien entry form with the Oklahoma Tax Commission.

Plaintiff and defendant have filed a stipulation of facts which is summarized as follows:

1. The debtor and Willa Kim Coleman signed a promissory note for the sum of $12,569.63 and in exchange granted a security interest in certain collateral to defendant on June 13, 1983.

2. The debtor and Willa Kim Coleman granted a security interest in a 1971 boat, a 1963 75 horsepower boat motor, and a boat trailer to defendant on December 15, 1983, to replace the original collateral in which they had granted a security interest on June 13, 1983.

3. The defendant filed a financing statement with the County Clerk in Rogers County, Oklahoma, listing proper description of the boat, boat motor and boat trailer on December 21, 1983. Defendant did not deliver a lien entry form listing the boat, boat motor or boat trailer to the Oklahoma Tax Commission.

4. Debtor filed his petition in bankruptcy on April 12, 1984.

5. Defendant filed a proof of claim in debtor's bankruptcy case, claiming a secured interest in and to the boat, boat motor and boat trailer pursuant to the promissory note, two security agreements, an agreement to exchange collateral, and a financing statement.

6. Plaintiff filed an adversary complaint claiming that defendant has no right, title or interest in and to the boat, boat motor or boat trailer and asking that defendant's claim be allowed only as an unsecured claim for the sum of $7,740.60 on May 18, 1984.

7. Plaintiff and defendant submit the question of the proper method to perfect a security interest in debtor's boat, boat motor and boat trailer to the Court for decision.

1. Bank of Oklahoma, Claremore, was formerly known as First Bank in Claremore.

## DISCUSSION

*Boat and Boat Motor.*

Plaintiff asserts that the boat and boat motor are a "vehicle" for which certificates of title are issued and that a security interest in this collateral must be perfected according to provisions set forth in the Certificate of Title Act, 47 O.S. § 23.2b(A)(1) (Supp.1984–1985), which states in pertinent part:

> ... a security interest ... in a vehicle as to which a certificate of title may be properly issued by the Tax Commission shall be perfected only when a lien entry form ... and the existing certificate of title, ... and manufacturer's certificate of origin ... and the required fee are delivered to the Oklahoma Tax Commission or one of its motor license agents.

Defendant claims that this boat and boat motor are not "vehicles" in which a security interest must be perfected according to the Certificate of Title Act. Rather, defendant asserts that the boat and boat motor are personal property and that a security interest must be perfected pursuant to 12A O.S. § 9-302(3)(b) (Supp.1984–1985) which states in part that with few exceptions, "[a] financing statement must be filed to perfect all security interests ...". The issue involved is thus the proper method of perfection of a security interest in a boat and boat motor; which necessarily involves the determination of whether or not a boat and boat motor are a "vehicle".

In Oklahoma, a "vehicle" has been defined in three statutes. Both the Certificate of Title Act, 47 O.S. § 23.1 (Supp. 1984–1985) and the Motor Vehicle License and Registration Act, 47 O.S. § 22.1(36) (Supp.1984–1985), define "vehicle" as:

> Every device, in, upon, or by which any person or property is or may be transported or drawn, except devices moved by human or animal power, when not used upon stationary rails or tracks.

In contrast, however, the Vehicle Excise Tax Act, 68 O.S. § 2101(b) (1966 and Supp. 1984–1985), defines "vehicle" as:

> ... every device in, upon, or by which any person or property is, or may be, transported or drawn, excepting devices moved by human or animal power, when not used upon fixed rails or tracks, or *in the air or on water.* (emphasis added)

The legislature's failure to place further limitations on the definition of "vehicle" in the Certificate of Title Act and the Motor Vehicle License and Registration Act while doing so in the Vehicle Excise Tax Act may be significant. Thus, it is necessary to review basic principles of statutory construction. The cardinal rule of statutory construction is to ascertain legislative intent through the plain language of the statute; exceptions should not be read into a statute which were not made by the legislative body. *Grand River Dam Authority v. State,* 645 P.2d 1011, 1018 (Okla.1982). As stated by the plain language of the Certificate of Title Act and the Motor Vehicle License and Registration Act, a "vehicle" does not expressly exclude a device used on water, nor is it limited to a device used only on land. However, considerations other than the plain language of statutes are sometimes required. In *Keck v. Oklahoma Tax Commission,* 188 Okl. 257, 108 P.2d 162, 164 (1940), the court stated:

> It frequently happens that the true intention of a legislative body is not expressed by the language employed in the statute, when literally construed. In such cases, the intent of such legislative body can only be effectuated by a departure from a literal interpretation of the language employed. Where such intention is plainly discernible from the provisions of the statute when considered as a whole, the real purpose and intent of the legislative body will prevail over the literal import of the words employed.

See also: *C & C Tile and Carpet Company, Inc. v. Aday,* 697 P.2d 175 (Okla.App. 1985). The United States Supreme Court employed the principle of viewing a "vehicle" statute as a whole rather than restricting itself to plain language when it held that an airplane is not a "vehicle" even though the statute in question did not exclude aircraft. In *McBoyle v. United*

*States,* 283 U.S. 25, 26, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931), the court stated:

> The question is the meaning of the word 'vehicle' in the phrase "any other self-propelled vehicle not designed for running on rails." No doubt etymologically it is possible to use the word to signify a conveyance working on land, water or air, and sometimes legislation extends the use in that direction, ... But in everyday speech 'vehicle' calls upon the picture of a thing moving on land.
>
>    \*    \*    \*    \*    \*    \*
>
> So here, the phrase under discussion calls up the popular picture. For after including automobile truck, automobile wagon and motor cycle, the words "any other self-propelled vehicle not designed for running on rails" still indicate that a vehicle in the popular sense, that is a vehicle running on land, is the theme.

■ The Oklahoma Certificate of Title Act and the Oklahoma Motor Vehicle License and Registration Act taken as a whole, apply to vehicles which move on land. Specifically mentioned in these statutes as "vehicles" are ambulances, automobiles, trucks, buses, motorcycles, recreational vehicles, station wagons and vans. No "vehicle" mentioned in either act moves anywhere but upon the land. The intent of the legislature is more clearly set forth in 47 O.S. § 22.10 (Supp.1984–1985) which states that registration and license fees and mileage taxes imposed upon "vehicles":

> ... shall be for the *purpose* of reimbursing the state, counties and cities for the *use of the public highways* and for the *maintenance* and *upkeep of the public highways* of the state, ... Such registration fees ... shall apply to every person *operating any vehicle upon, over, along, or across* any *public highway* of this state. (emphasis added)

By giving due consideration to the intent and purpose of provisions concerning "vehicles", the Court concludes that only those vehicles designed for use or used on public highways were intended to be covered by the Certificate of Title Act and the Motor Vehicle License and Registration Act. A security interest in such "vehicles" is perfected by delivery of lien entry form, certificate of title, manufacturer's certificate of origin, and the required fee to the Oklahoma Tax Commission, 47 O.S. § 23.-2b(A)(1) (Supp.1984–1985).

In contrast to the definition of "vehicle" in the Oklahoma Certificate of Title Act and the Motor Vehicle License and Registration Act, a "vessel" and "motorboat" are more narrowly defined. In 63 O.S. § 802(1) (1984), "vessel" means:

> ... every description of watercraft, other than a seaplane on the water, used or capable of being used as a means of *transportation on water.* (emphasis added)

In 63 O.S. § 802(2) (1984), "motorboat" is defined to mean:

> ... any vessel propelled by machinery, whether or not such machinery is the principal source of propulsion ...

These definitions fit the boat and boat motor at issue in this proceeding. However, the method of perfection of a security interest in a "vessel" or "motorboat" is not specifically set forth in 63 O.S. § 801 et seq (1984). In absence of a specific statute, applicable laws concerning perfection of a security interest for this classification of property will govern. A review of other jurisdictions demonstrates that a security interest in boat and boat motors is generally perfected by filing a financing statement unless specific statutes concerning boats and boat motors indicate otherwise. *See Payment Plans, Inc. v. Strell,* 717 F.2d 25 (2d Cir.1983); *Cohen v. Spinelli (In re Simonelli),* 33 B.R. 777 (Bankr.M.D.Fla. 1983); *In re Moslander,* 23 B.R. 407 (Bankr.C.D.Ill.1982); *Freehling v. Merchants National Bank and Trust Company (In re Unger),* 28 U.C.C.Rep.Serv. (Callaghan) 1173 (Bankr.S.D.Fla.1980).

■ Accordingly, the Court specifically finds that the proper method of perfection of a security interest in the boat and boat

motor is by filing a financing statement in the office of the proper county clerk.[2]

*Boat Trailer*

A review of Oklahoma law indicates that trailers are classified by their type and their use. A trailer has been generally defined in the Motor Vehicle License and Registration Act, 47 O.S. § 22.1(30) (Supp. 1984–1985), to mean:

> ... every vehicle without motor power designed for carrying human beings or property and for being drawn by motor vehicle and constructed so that no part of its weight rests upon the towing vehicle.

Trailers can be further refined by type; as pole trailer, semi-trailer and travel trailer, 47 O.S. § 22.1 (24, 26, 31) (Supp.1984–1985). The boat trailer at issue is without motor power, designed to carry a boat, drawn by a motor vehicle, constructed so that no part of its weight rests upon the towing vehicle and cannot be further refined as any other type of trailer for purposes of the Motor Vehicle License and Registration Act. Trailers are further distinguished by their use. Trailers used for commercial or industrial purposes are required to be licensed and registered pursuant to 47 O.S. § 22.5k (Supp.1984–1985). Traditionally, trailers used for personal purposes by the owner have not been required to be licensed and registered. The boat trailer in question was not licensed nor registered and was used for the debtor's purposes.

■ The method for perfection of a security interest in a trailer is not determined by whether the Oklahoma Tax Commission requires a license or registration. Rather, the method for perfection of a security interest in a trailer is determined by the type and the use to which the trailer is put. A license and registration simply provide the means by which a certificate of title can be issued and upon which a security interest can be noted. In *Chief Freight Lines v. Strick Finance Company (In re Chief Freight Lines Company)*, 37 B.R. 436 (Bankr.N.D.Okla.1984), this Court held that the proper method of perfection of security interest in highway trailers used by the trucking company in their business was by delivery of a lien entry form to the Oklahoma Tax Commission pursuant to the Certificate of Title Act. In *Stainer v. Bank of Tulsa (In re Haning)*, 35 B.R. 242 (Bankr.N.D.Okla.1983), this Court held that a security interest in a trailer which could be further defined as a travel trailer suitable for human occupancy must be perfected by filing a lien entry form pursuant to the Certificate of Title Act. In *Chase Manhattan Bank v. Ramco Well Service, Inc. (In re Ramco Equipment, Ltd.)* 32 B.R. 525 (Bankr.W.D.Okla.1983), Bankruptcy Judge Richard Bohanon held that a security interest in trailers used by a debtor-in-possession in the course of business must be perfected by filing a lien entry form pursuant to the Certificate of Title Act.

■ The boat trailer at issue was not used in business and cannot be further defined as a travel trailer. Further, this particular boat trailer was not required to be nor was it licensed or registered with a Certificate of Title issued.[3] The legislature clearly did not intend to require that a lien be noted upon a nonexistent certificate of title. As a result, the only available method to perfect a security interest in this boat trailer is by filing a financing statement pursuant to 12A O.S. § 9–401 (Supp.1984–1985).

Accordingly, the Court specifically finds that the proper method of perfection of a

---

**2.** To find that a security interest in the boat and boat motor must be perfected in any other manner would affect the entire system of perfection and upset the status of security interests held by banks which have sought perfection through filing a financing statement. Further, the Boat and Motor Section of the Motor Vehicle Division of the Oklahoma Tax Commission will not accept lien entry forms for boats and boat motors.

**3.** It should be noted that a security interests in any trailer which is not required to be registered and licensed but is, at the option of a party, registered and licensed pursuant to *47 O.S. § 22.6c* (Supp.1984–1985) is perfected by filing a financing statement in accordance with 12A O.S. § 9–401 et seq. (Supp.1984–1985).

security interest in an unlicensed and unregistered boat trailer used for personal purposes is by filing a financing statement in the office of the proper county clerk.

This memorandum of decision and order shall constitute the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

AND IT IS SO ORDERED.