13-3691-cr
United States v. Cossette

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
　　　　　 CHESTER J. STRAUB,
　　　　　 REENA RAGGI,
　　　　　　　 *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
　　　　　　　 *Appellee*,


　　　　v.　　　　　　　　　　　　　　　　　　No. 13-3691-cr


EVAN COSSETTE,
　　　　　　　 *Defendant-Appellant*.
------------------------------------------------------------------------
APPEARING FOR APPELLANT:　　ELLIOT B. SPECTOR, Noble, Spector, & O'Connor, PC, Hartford, Connecticut.

APPEARING FOR APPELLEE:　　DAVID E. NOVICK (Paul H. McConnell, Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 25, 2013, is AFFIRMED.

Defendant Evan Cossette, a former Meriden, Connecticut police officer, stands convicted after a jury trial of willful deprivation of civil rights by the use of excessive force, see 18 U.S.C. § 242; see also U.S. Const. amend. IV, and obstruction of justice, see 18 U.S.C. § 1519. On appeal, Cossette asserts that he was denied due process because he lacked "fair warning" that his conduct violated the charged statutes. See United States v. Desposito, 704 F.3d 221, 229 (2d Cir.) ("Due process provides a criminal defendant with the right to 'fair warning . . . in language that the common world will understand, of what the law intends to do if a certain line is passed.'" (quoting McBoyle v. United States, 283 U.S. 25, 27 (1931) (Holmes, J.))), cert. denied, 133 S. Ct. 2402 (2013). Cossette initially raised this claim in moving for dismissal of the indictment, and he renewed it several times thereafter, including on a post-verdict motion for acquittal. At whatever stage error is claimed, we review this constitutional challenge de novo. See id.; United States v. Hassan, 578 F.3d 108, 119 (2d Cir. 2008). We assume the parties' familiarity with the record and the prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Title 18 U.S.C. § 242:   Willful Deprivation of Rights

Section 242 makes it a crime for any person acting under color of law "willfully" to deprive another person of any "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 18 U.S.C. § 242; see United States v. Lanier, 520 U.S. 259, 264 (1997). Cossette acknowledges that, at least since Graham v. Connor,

2

490 U.S. 386 (1989), law enforcement officers have been on notice that the Fourth Amendment prohibits their use of excessive force during an arrest.  See Appellant Br. 4, 13; see also Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989) (recognizing that Fourth Amendment applies until arrested person appears for arraignment or leaves custody of arresting officers).  He nevertheless contends that no "closely analogous" Supreme Court or Second Circuit case gave him fair notice that his particular actions in this case were excessive so as to expose him to § 242 culpability.   Appellant Br. 7, 14.

In advancing this argument, however, Cossette maintains his own version of events, i.e., that he shoved an intoxicated detainee whom he thought was about to assault him. Whatever the law does or does not say with respect to the reasonable use of force in such circumstances, cf. United States v. Lanier, 520 U.S. at 264, 268–70 (observing that § 242 liability may be imposed only if constitutional violation is apparent in light of pre-existing law, but rejecting need for specific Supreme Court decision or prior case with "fundamentally similar" factual situation), those are not the circumstances either alleged in the indictment or pursued by the government at trial.  Cossette was charged with using force without provocation or need, specifically, with "assault[ing]" a detainee who was already "handcuffed" in a "holding cell" and, most important, "compliant" with the police. Indictment ¶¶ 4–5, 12, J.A. 17–19.  Cossette does not—and cannot—contend that he lacked fair notice that gratuitously assaulting a detainee, without provocation or need, constituted an unreasonable use of force.  See Powell v. Gardner, 891 F.2d at 1044 (holding that jury could "easily" find excessive force where officer slammed detainee to ground in police station and detainee did not resist); cf. Johnson v. Glick, 481 F.2d 1028,

3

1029–33 (2d Cir. 1973) (holding that unprovoked attack on pretrial detainee violated substantive due process), abrogated by Graham v. Connor, 490 U.S. at 397.

Further undermining Cossette's notice challenge is the mens rea element of § 242, which conditions criminal culpability on a defendant acting "willfully." Thus, even if there were any uncertainty as to whether force could be used in the circumstances alleged in the indictment, Cossette was on notice that he could be held criminally responsible only if he specifically intended to use excessive force. See Screws v. United States, 325 U.S. 91, 101–03 (1945) (plurality opinion) (holding, in context of § 242, that statute's requirement that act be willful or purposeful precludes notice challenges); United States v. Curcio, 712 F.2d 1532, 1543 (2d Cir. 1983) (Friendly, J.) (noting established doctrine that "scienter argument may save a statute which might otherwise have to be condemned for vagueness"). The indictment charged Cossette with willful use of excessive force, see Indictment ¶ 12, J.A. 19, and the district court correctly charged the jury that the government bore the burden of proving such willfulness beyond a reasonable doubt.

In these circumstances, Cossette cannot complain that he was denied fair notice of the conduct for which he could be held criminally culpable. The district court correctly rejected his fair notice challenge both to the indictment and to the verdict.

2.   Title 18 U.S.C. § 1519:   Obstruction of Justice

Section 1519 states that whoever knowingly "falsifies" or "makes a false entry" in any record or document "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency

4

of the United States . . . , or in relation to or contemplation of any such matter . . ." is guilty of obstruction of justice.   18 U.S.C. § 1519.

Cossette's due process challenge to his § 1519 conviction is derivative.   He asserts that because he lacked fair warning that his use of force on a detainee violated § 242, he also lacked fair warning that—when he filled out a report about such use of force—the matter would be the subject of an investigation.   Because we reject Cossette's fair warning challenge to his § 242 conviction, the premise for his § 1519 challenge necessarily fails. In any event, Cossette's argument does not demonstrate that § 1519 failed to provide him with fair notice of what it proscribes; rather, it suggests that the government cannot carry its burden of proving that he acted with the requisite intent to influence.   Such an argument fails in light of the jury's finding that Cossette willfully used excessive force on a detainee, as well as Cossette's own acknowledgement that it was "common knowledge amongst police officers that if they use excessive force[,] the FBI might investigate it." G.A. 561.

For the first time on appeal, Cossette also argues that because his incident report bore no relationship to any official proceeding, he lacked notice that statements therein could lead to a § 1519 prosecution.   Because Cossette made no such argument in the district court, we review only for plain error, see Fed. R. Crim. P. 52(b); Johnson v. United States, 520 U.S. 461, 466–67 (1997), which is not evident here.   In United States v. Gray, 642 F.3d 371 (2d Cir. 2011), this court held that "§ 1519 does not require the existence or likelihood of a federal investigation"; thus, "knowledge of a pending federal investigation or proceeding is not an element of the obstruction crime."   Id. at 378–79.   A defendant

5

can hardly complain that due process requires him to have notice of something that is not an element of the charged crime.   See United States v. Desposito, 704 F.3d at 230 (holding that defendant has fair warning where plain language of statute proscribes his conduct). Once again, Cossette's argument appears directed more at the government's ability to prove that he filed a false report with the requisite obstructive intent.   That sufficiency challenge is defeated by the jury's finding that he deliberately used excessive force, which supports the falsity of his report, and by his own admission that he knew the use of excessive force could trigger FBI investigations.

We have considered Cossette's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court