CANADY, J.,
concurring in result.
I concur with the reasoning of the per curiam opinion, except that I would not rely on legislative history. I thus agree that the statutory rule of strict construction requires that criminal liability under section 316.027 not be imposed in the circumstances presented by this case. The statutory phrase “vehicle involved in a crash” is commonly understood to refer to circumstances in which the vehicle has been in a collision with something or someone. For example, a vehicle is “involved in a crash” if it has been in a collision with a person or another vehicle, has hit a telephone pole, tree, or some similar object, has run into a building or other structure, or has flipped over and crashed into the ground. Those are the types of circumstances that commonly come to mind when the phrase “vehicle involved in a crash” is used.
*1129 The circumstance of a passenger falling from a vehicle and crashing into the road is not commonly brought to mind by the phrase “vehicle involved in a crash.” It is no doubt true that “involved” has an extended meaning that would cover the circumstance presented by such a passenger crashing into the road. But the rule of strict construction forbids application of that broader meaning of the statutory language. “When a rule of conduct is laid down in words that evoke in the common mind” particular circumstances, the rule of strict construction precludes application of that rule of conduct to different circumstances. McBoyle v. United States, 283 U.S. 25, 27, 51 S.Ct. 340, 75 L.Ed. 816 (1931).
POLSTON, J., concurs.