**UNITED STATES of America, Appellee,**

v.

**W. Dale HESS, Harry W. Rodgers, III, William A. Rodgers, Appellants (Two Cases).**

Nos. 82–1269, 82–6225.

United States Court of Appeals, Fourth Circuit.

Argued July 22, 1982.

Decided Oct. 7, 1982.

Michael E. Marr, Baltimore, Md. (Marr & Bennett, P.A., Baltimore, Md., on brief), for appellants.

Andre M. Davis, Asst. U. S. Atty., Baltimore, Md. (J. Frederick Motz, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Defendants, W. Dale Hess, Harry W. Rodgers, III, and William A. Rodgers, who were tried and convicted for activity in violation of the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO), moved the district court to reconsider its order of forfeiture entered under 18 U.S.C. § 1963(a). From the district court's initial order of forfeiture and from its subsequent denial of reconsideration, defendants appeal. We affirm.

## I.

Appellants were indicted along with former Maryland Governor Marvin Mandel and several others, on numerous counts of mail fraud and racketeering.[1] In particular, Count 24 of the indictment charged that the appellants and two others established, owned, and operated the Southern Maryland Agricultural Association (SMAA) in violation of 18 U.S.C. § 1962(c) and that their respective interests in SMAA were subject to forfeiture under 18 U.S.C. § 1963(a). After a full trial, the jury was charged and retired. Although the jury was instructed on all charges of the indictment, the government failed to request a special verdict regarding the forfeiture in accordance with Fed.R.Crim.P. 31(e), which provides:

> If the indictment or the information alleges that an interest in property is subject to criminal forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any.

While the jury was deliberating, however, the parties entered into a stipulation "in lieu of a Special Verdict"[2] which set forth the respective ownership interests of each defendant in SMAA. The stipulation further provided that the defendants preserved the right to challenge any ordered forfeiture "on appeal or in subsequent civil litigation, if any."

The jury found each defendant guilty as to Count 24 and, pursuant to 18 U.S.C. § 1963(a), the court ordered the forfeiture

---

1. The facts underlying their convictions are summarized in *United States v. Mandel,* 591 F.2d 1347, 1352–57, (4th Cir. 1979). The judgments of conviction were subsequently affirmed by an equally divided court on rehearing *en banc,* 602 F.2d 653 (4th Cir. 1979), *cert. denied,* 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).

2. Specifically, the agreement stated: "It is the intent of the parties that this Stipulation shall substitute and be in lieu of a Special Verdict, pursuant to Rule 31(e) of the Federal Rules of Criminal Procedure, as to Count 24."

of their full ownership interests in SMAA. This order was stayed pending appeal and, on appeal, appellants attacked the constitutionality of the forfeiture statute, but did not challenge the government's failure to request a special verdict under Rule 31(e). Their respective judgments of conviction were initially vacated, *United States v. Mandel,* 591 F.2d 1347 (4th Cir. 1979), but were later affirmed by an equally divided court on rehearing *en banc. United States v. Mandel,* 602 F.2d 653 (4th Cir. 1979), *cert. denied* 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980). Thereafter, upon the government's motion, the district court removed the stay and ordered the appellants to forfeit their ownership interests in SMAA. They appeal that order in No. 82–1269(L).

Appellants then moved for reconsideration of the forfeiture order and for the court, pursuant to Fed.R.Crim.P. 35(a), "to correct its illegal Order of Forfeiture." From the district court's denial of that motion, appellants appeal in No. 82–6225.

### II.

The thrust of appellants' argument on appeal is that since the government failed to request and obtain a special verdict of forfeiture pursuant to Rule 31(e), the order of forfeiture constitutes an illegal sentence which should have been corrected by the district court under Rule 35. We cannot agree for two reasons. First, the stipulation obtained by the government provided a sufficient substitute for a Rule 31(e) special forfeiture verdict, such that, once the appellants were convicted under Count 24, the district court was required to enter the order of forfeiture under 18 U.S.C. § 1963(a). Second, as the district court held, the failure of the trial judge to comply with the dictates of Rule 31(e) does not, in this case, render the forfeiture sentence "illegal," subject to challenge and correction under Rule 35.

■ Section 1963(a) of 18 U.S.C. requires that:

Whoever violates any provision of section 1962 of this chapter ... shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contract right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.

It has been held, and we think correctly, that forfeiture under this statute is mandatory, *United States v. L'Hoste,* 609 F.2d 796, 812 (5th Cir.), *cert. denied* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980), and thus, although the penalty may be harsh in certain circumstances, the trial court must order forfeiture whenever the jury finds a violation of § 1962.

■ In order to provide a procedural framework for the implementation of this provision, Rule 31(e) was adopted to require the return of a special verdict "as to the extent of the interest or property subject to forfeiture, if any." *See Notes of Advisory Committee* to Fed.R.Crim.P. 31(e). Appellants suggest that this rule permits the jury to find that less than the full amount of a defendant's interest in an enterprise is subject to forfeiture when that interest is determined to be in violation of § 1962. We cannot agree. Such a reading of the rule is simply inconsistent with the mandatory language of § 1963. Moreover, we have found nothing in the legislative history to Rule 31(e) which indicates any intent that the jury have such discretion.[3]

■ In the instant case, Count 24 charged, as required by Fed.R.Crim.P. 7(c)(2), that appellants' respective interests in SMAA constituted an enterprise established, operated, controlled and conducted in violation of 18 U.S.C. § 1962(c) and that the full extent of their respective interests were, therefore, subject to forfeiture under § 1963. Consequently, when the case was submitted for the jury's consideration, the

---

**3.** Indeed, subsequent to oral argument counsel for appellants notified the court that he was

also unable to find any legislative history supporting his contention.

questions to be decided were: (1) whether appellants' ownership and operation of SMAA constituted a violation of § 1962(c), and (2) if so, what was the respective interest that each appellant held in the enterprise. This second question was simply one of fact and, thus, once the appellants stipulated "in lieu of a Special Verdict" as to the amount of their interests in SMAA, it was no longer necessary for the trial court to obtain a verdict under Rule 31(e) in order to enforce the forfeiture provisions of § 1963. Therefore, when the jury found appellants guilty as charged in Count 24, the district court was required to order the forfeiture of their ownership interests in SMAA in accordance with the stipulation. There simply was no need to obtain a special forfeiture verdict under the facts of this case and, thus, there was no error in the court's failure to secure one.

In addition to the foregoing, we agree with the district court that failure to comply with technical requirements of Rule 31(e) does not render the forfeiture sentence "illegal" and subject to correction under Rule 35(a). In *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the Supreme Court held that a sentencing court's failure to permit the defendant to make a statement in his own behalf as required by Fed.R.Crim.P. 32(a) did not render the sentence imposed "illegal" under Rule 35:

> [T]he narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.

*Id.* at 430, 82 S.Ct. at 472. Moreover, as the district court noted in quoting *United States v. Becker*, 536 F.2d 471 (1st Cir. 1976):

> This sentence is not "illegal" by any established criteria. It is not ambiguous with respect to the time and manner in which it is to be served; nor is it "internally contradictory;" nor did it omit a term required to be imposed by statute; nor was the sentence one which the judgment of conviction did not authorize; nor was there any uncertainty as to the substance of the sentence.

*Id.* at 473 (citations omitted). In light of the stipulation entered in lieu of a special verdict and the mandatory nature of § 1963(a), we find that the forfeiture order was the necessary result of the jury's guilty verdict and is in no sense "illegal" and subject to correction under Rule 35.

As a final contention, appellants argue that the stipulation itself requires the government to seek forfeiture in a separate civil proceeding "wherein all issues preserved in the stipulation can be litigated." Suffice to say that we find this argument completely without merit as it lacks any logical or legal support.

### III.

Accordingly, for all of the foregoing reasons, the orders of the district court ordering the forfeiture of appellants' ownership interests in the Southern Maryland Agricultural Association and denying appellants' motion for reconsideration to correct an illegal sentence are hereby affirmed.

AFFIRMED.