UNITED STATES of America, Plaintiff,

v.

Robert D. ANDERSON, Defendant.

UNITED STATES of America, Plaintiff,

v.

Earl S. BOWSER, Defendant.

UNITED STATES of America, Plaintiff,

v.

John HATCHER and Laura Hatcher, also known as Laura Montooth, Defendants.

UNITED STATES of America, Plaintiff,

v.

Roscoe L. LITTLEFIELD, Defendant.

Nos. CR–86–0150 WHO, CR–86–0151 WHO, CR–86–0157 WHO and CR–86–0159 WHO.

United States District Court, N.D. California.

May 29, 1986.

Joseph Russoniello, U.S. Atty., N.D. California, Peter Robinson, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Melvin B. Pearlson, Redway, Cal., for Laura Hatcher.

Arthur M. Sohcot, San Francisco, Cal., for Littlefield.

Ronald M. Sinoway, Redway, Cal., for Anderson and John Hatcher.

Harold J. Rosenthal, Riordan and Rosenthal, San Francisco, Cal., for Bowser.

## OPINION AND ORDER

ORRICK, District Judge.

In four separate indictments, defendants Robert D. Anderson, Earl S. Bowser, John and Laura Hatcher, and Roscoe L. Littlefield, have been charged with manufacturing marijuana in violation of 21 U.S.C. § 841(a). In connection therewith, the government has alleged that certain parcels of real property were used and intended to be used to commit and facilitate the commission of each offense, in order to subject defendants' interests in the respective parcels of real property to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(2). Each of the defendants is also charged with violating 21 U.S.C. § 841(a) by possessing marijuana with intent to distribute. In addition, defendant Littlefield is charged with being a felon in possession of firearms, in violation of 18 U.S.C. § 1202(a)(1) App. II.

Defendants have moved this Court for dismissal of the forfeiture allegations and, the Court, having read and considered all the papers and oral arguments of the parties (for the purposes of this Opinion and Order, the motions and arguments of all the defendants are considered together), for the following reasons grants defendants' motions to the extent that forfeiture is limited to the land used to commit or facilitate the commission of the crimes.

### I

Defendants first contend that 18 U.S.C. § 3563, which provides that "[n]o

conviction or judgment shall work corruption of blood or any forfeiture of estate," bars forfeiture in this matter. Because § 3563 has been repealed, effective November 1, 1986, defendants claim that application of the criminal forfeiture statute would violate the *ex post facto* clause of the Constitution. U.S.Const. art. I, § 9, cl. 3.

This argument has already been rejected by the courts. In *United States v. Grande,* 620 F.2d 1026, 1037–39 (4th Cir. 1980), the court found that § 3563 did not bar the government from applying the forfeiture provisions of the RICO statutes. After compiling an exhaustive history of forfeiture of estate, as that concept was understood by the framers of the Constitution, and as embodied in the codification at 18 U.S.C. § 3563, Judge Winter concluded that "[i]t is clear that both Article III and the subsequent statute contemplated broad forfeitures incident to attainder as a traitor or felon, i.e., total disinheritance of one's heirs or those who would be one's heirs and forfeiture of *all* of one's property and estate." *Id.* at 1039.

The RICO forfeiture statute at issue in *Grande,* 18 U.S.C. § 1963(a), however, provided for a much narrower type of forfeiture, by declaring forfeitable an interest in property in an enterprise operated in violation of § 1962. The "magnitude of the forfeiture is directly keyed to the magnitude of the defendant's interest in the enterprise conducted in violation of the law." *Id.* Because the law has always recognized the constitutional validity of forfeiture of the instruments of the crime, and because the magnitude of the forfeiture was keyed to the magnitude of the crime, the Fourth Circuit held that the RICO forfeiture statute did not violate either § 3563, or the Fifth and Eighth Amendments. *Id.*

A similar conclusion involving the RICO forfeiture statute was reached in *United States v. Thevis,* 474 F.Supp. 134 (N.D.Ga. 1979), *aff'd,* 665 F.2d 616 (5th Cir.1982), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303 (1983): "Thus, it can be seen that while forfeiture of estate—the forfeiture of all right, title and interest, wheresoever situate—is barred by 18 U.S.C. § 3563, there is neither a constitutional nor a statutory barrier to the limited forfeiture of property utilized to violate the criminal law." *Id.* at 140–41.

The criminal forfeiture statute here at issue, 21 U.S.C. § 853, part of the Comprehensive Crime Control Act of 1984, has not as yet been extensively interpreted by the courts. Nevertheless, the cases upholding the RICO forfeiture statute against challenges based on 18 U.S.C. § 3563 are analogous. Section 853 does not work a "forfeiture of estate," as that term is understood in the Constitution and in § 3563, because it does not provide that the drug offender must forfeit *all* his or her property wherever it is and for whatever it is used. On the contrary, it provides for forfeiture of a narrower kind: property that is, or results from, the proceeds of a drug violation, and the property used, or intended to be used, to commit or facilitate the commission of the drug violation. 21 U.S.C. § 853(a). Therefore, neither the Constitution nor § 3563 operates to bar application of 21 U.S.C. § 853(a) in these cases.

## II

■ Defendants next argue that if § 853(a) is effective, its application in these cases would be unduly harsh. Defendants insist that the forfeiture statute was not intended to reach those guilty of "minor drug offenses," or those growing marijuana for personal use. This argument is belied by the clear provision of the statute, subjecting to forfeiture the property of any person convicted of a violation punishable by imprisonment for more than one year. Defendant Anderson stands accused of manufacturing forty-two plants of marijuana, defendant Bowser, forty-one plants, and the Hatcher defendants, thirty-eight plants. Defendant Littlefield is accused of cultivating over seven hundred plants. Defendants admit that the maximum sentence for less than fifty kilograms of marijuana is five years. In *United States v. One*

*1976 Porsche 911S, VIN 911–6200323, California License 090 NXC,* 670 F.2d 810 (9th Cir.1979), the court upheld the forfeiture of a car with only .226 grams of marijuana in the trunk. Defendants provide no support for their position that forfeiture is inapplicable to cases of cultivation for personal use. Therefore, 21 U.S.C. § 853(a) does apply to these cases, even if it is found that cultivation was for personal use, and that relatively small amounts of marijuana were manufactured.

### III

█ Finally, defendants contend that 21 U.S.C. § 853(a)(2) should be construed to mandate the forfeiture of only that portion of any real property that was used to commit or facilitate the commission of the crime of manufacturing marijuana. The statute itself subjects to forfeiture "any of the person's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation." 21 U.S.C. § 853(a). Property is defined as "real property, including things growing on or affixed to or found in land." 21 U.S.C. § 853(b).

It must be emphasized at this point that there are two distinct forfeiture statutes providing for forfeiture of real property used in connection with a violation of the Drug Abuse Prevention and Control statutes. At issue here is the *criminal* forfeiture provision, 21 U.S.C. § 853(a)(2), which was added to the statutes by the Crime Control Act of 1984, Pub.L. 98–473, October 12, 1984. The Crime Control Act also amended the *civil* forfeiture provisions to make real property subject to forfeiture. 21 U.S.C. § 881(a)(7). The latter statute subjects to forfeiture "all real property, including any right, title and interest in the whole of any lot or tract of land, and any appurtenances or improvements, which is used or intended to be used in any manner or part, to commit, or to facilitate the commission" of a violation of the drug laws. The government apparently does not distinguish between the two statutes. On the title page of each indictment, defendants are seemingly charged with "Land Forfeiture, 21 U.S.C. § 881," whereas the body of

each indictment charges violations of "Title 21 U.S.C. § 853(a)(2)—Forfeiture of Real Property." This cannot be viewed as a mere clerical error, for in its brief the government clearly states: "Nor is there any basis for drawing a distinction between the amount of land to be forfeited in a civil forfeiture (§ 881) and a criminal forfeiture (§ 853)." Government's Consolidated Opposition to Pretrial Motions, filed Apr. 21, 1986, at 7 n. 1a. Moreover, the government relies on the legislative history of the *civil* forfeiture statute, 21 U.S.C. § 881, to support its interpretation of the *criminal* forfeiture statute, 21 U.S.C. § 853. This Court is unwilling to accept the alleged sameness of the two statutes.

In the first place, the language of the two statutes is manifestly different. The distinction between "any * * * property used," § 853(a)(2), and "all real property including any * * * interest in the whole of any lot or tract," § 881(a)(7), must be recognized, and it should not be presumed to be insignificant. To interpret § 853(a)(2) as identical in meaning to § 881(a)(7) would render meaningless the use of the phrase "any property."

Likewise, the Court does not consider the legislative history of § 881(a)(7) to be determinative of the scope of § 853(a)(2). On the contrary, the legislative history indicates congressional awareness of the differences between the civil and criminal forfeiture provisions. In enacting the *civil* statute, for example, the language providing for forfeiture of "all real property, including any right, title and interest in the whole of any lot or tract of land" was *added* to the Senate version of the bill. S.Rep. 520, 97th Cong., 2d Sess. (1982). This is in contrast to the more restrictive House bill allowing for forfeiture of only "the portion of the tract so used or intended to be used." H.R.Rep. 845, 98th Cong. 2d Sess. (1984). But at issue here is the *criminal* forfeiture statute to which no such changes or adjustments were made.

Furthermore, the legislative history reveals that Congress intended the two statutes to serve different purposes. Thus, the criminal forfeiture statute was meant to

636

provide a "more efficient mechanism for achieving the forfeiture of * * * property * * * used in the offense * * * and thereby consolidate the forfeiture action with the criminal prosecution." 1984 U.S.Code Cong. & Ad.News 3182, 3374, 3393. But Congress could not have intended to eliminate all distinction between the civil and criminal forfeiture provisions, because it retained both of the separate statutory procedures, recognizing that "in certain respects, civil forfeiture has advantages over criminal forfeiture." *Id.* The standard of proof is lower, the government commences its case with the seizure of the property, reducing the opportunities for concealing or transferring assets, and civil forfeiture may be used when criminal prosecution is impossible as where the defendant owner is a fugitive. *Id.* In addition, although the legislative history describes the civil statute as "broad," *id.*, it warns of the constitutional dangers of an overbroad criminal forfeiture statute, especially any attempt to forfeit property that has no nexus to the crime. H.R.Rep. 845, 98th Cong. 2d Sess. (1984).

This Court finds, therefore, that whatever the scope of the civil forfeiture statute,[1] Congress was well aware of the differences between it and the criminal forfeiture statute, and did not intend to obliterate any distinction between them. As to determining the proper scope of the criminal forfeiture statute from the legislative history, this may very well be a case, as Justice Frankfurter remarked, "for applying the canon of construction of the wag who said, when the legislative history is doubtful, go to the statute." *Greenwood v. United States,* 350 U.S. 366, 374, 76 S.Ct. 410, 414, 100 L.Ed. 412 (1956) (J. Frankfurter).

Returning to the language of the criminal forfeiture statute then, the Court is mindful of another black-letter principle of statutory construction, that criminal statutes are to be strictly construed, and any ambiguity must be resolved in favor of the

defendant. *United States v. Enmons,* 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973). This rule of lenity applies also to the penalties imposed by criminal statutes. *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

Based on the plain language of the criminal forfeiture statute, and the fundamental rule that criminal statutes are to be strictly construed, the Court will read the words of § 853(a)(2), "any of the person's property used," to mean what they say, and not to mean what the civil statute says, at § 881(a)(7), "the whole of any lot or tract of land used." This conclusion is supported by case law interpreting statutes providing for forfeiture of land used to operate illegal stills. These statutes subject to forfeiture "all the right and interest therein of such person in the lot or tract of land on which such distillery is situated." Former statute 26 U.S.C. § 1184 (1934); 26 U.S.C. § 5615(3)(C). Of course, these cases are not squarely on point, construing as they do different statutes from the one at issue here. Nevertheless, the force of their reasoning survives. For example, as far back as 1870, the first United States Judge appointed to the district, Judge Ogden Hoffman, in *United States v. Certain Piece of Land,* 25 F.Cas. 366 (D.Cal.1870) (No. 14,767), declared that to construe such a statute so as to impose forfeiture on *all* the land owned by the defendant "would not only be harsh, but unequal, for it would make the amount of forfeiture depend, not on the value of the distillery and the magnitude of its operations, but upon the accidental circumstance that the illicit distiller happens to own a large tract, on the corner of which a still, perhaps of insignificant proportions, was erected." In *United States v. About 151.682 Acres,* 99 F.2d 716, 720 (7th Cir.1938), the court also held that only the real property *used in connection* with the illicit distillery was forfeitable, because otherwise "there would be no limit" to the amount of acres subject to forfei-

---

**1.** The Court expresses no opinion with respect to the constitutionality of the civil forfeiture

statute or its application in a case such as this.

ture. *See also United States v. Twenty Acres of Land, More or Less, With Improvements Thereon,* 213 F.Supp. 808 (E.D.Tenn.1962).

There are also important constitutional considerations that come into play. A broad interpretation of § 853(a)(2), allowing forfeiture of *all* of defendants' land, whether or not it was used in the commission or in facilitating the commission of a drug offense, would run the danger of violating the Eighth Amendment. The Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm,* 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983). Following Judge Hoffman's rationale as set forth in *Certain Piece of Land, supra,* if the whole of the land is to be forfeited because a portion of it is used in the cultivation of marijuana, the punishment imposed will depend not on the crime, but on fortuitous circumstances unrelated to the crime.

The Ninth Circuit noted this danger in interpreting the RICO forfeiture statute, upon which § 853 was modeled. In *United States v. Marubeni America Corp.,* 611 F.2d 763, 769–770 n. 12 (9th Cir.1980), the court stated that:

> The [RICO] forfeiture provision could, indeed, be read to produce penalties shockingly disproportionate to the offense. For example, a shopkeeper who over many years and with much honest labor establishes a valuable business could forfeit it all if, in the course of his business, he is mixed up in a single fraudulent scheme. This example raises issues of statutory construction and constitutional law which we leave for another day.

(Citation omitted.)

Although the federal courts have upheld the RICO forfeiture statute against Eighth Amendment challenges, they have done so expressly noting that the "magnitude of the forfeiture is directly keyed to the magnitude" of the alleged criminality. In *Thevis,* 474 F.Supp. at 141, the district court held that where the RICO forfeiture

statute, 18 U.S.C. § 1963, was narrowly tailored to require forfeiture of property utilized in the commission of the prohibited conduct, it was not cruel and unusual. In *United States v. Huber,* 603 F.2d 387, 397 (2d Cir.1979), the court remarked:

> We do not say that no forfeiture sanction may ever be so harsh as to violate the Eighth Amendment. But at least where the provision for forfeiture is keyed to the magnitude of a defendant's criminal enterprise, as it is in RICO, the punishment is at least in some rough way proportional to the crime.

Similarly, in *Grande,* 620 F.2d at 1039, the Fourth Circuit reiterated that where "[t]he magnitude of the forfeiture is directly keyed to the magnitude of the defendant's interest in the enterprise conducted in violation of the law * * * we conclude that it is not cruel and unusual in the constitutional sense."

These cases all support this Court's finding that 21 U.S.C. § 853(a)(2) is not to be given such a broad interpretation so as to mandate forfeiture of all of defendants' land, if it is found that only a portion of that land was used or intended to be used in the commission of, or to facilitate commission of, a violation of the federal drug laws.

### IV

In conclusion, based upon a plain reading of the statute at issue here, upon the relevant legislative history, upon the rule of lenity in construction of criminal statutes, and upon the aforementioned constitutional considerations, this Court finds that under 21 U.S.C. § 853(a)(1) and (2), the criminal forfeiture statute charged in the instant indictments, that upon conviction of a felony drug offense, only those portions of defendants' property "constituted or derived from" drug proceeds, or those portions of defendants' property "used or intended to be used to commit or facilitate the commission" of a drug felony, shall be subject to forfeiture. Unless it is shown that other property, or other portions of the property, were proceeds of drug mon-

ey, or used in connection with the alleged illegal cultivation, they are not subject to *criminal* forfeiture under 21 U.S.C. § 853(a). Accordingly,

IT IS HEREBY ORDERED that the Court grants the motions to the extent that forfeiture is limited to the land used to commit or facilitate the commission of the crimes.