**UNITED STATES of America, Appellee,**

v.

**Alvin D. McKEITHEN, Sr.,
Defendant-Appellant.**

**No. 666, Docket 86–1384.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 12, 1987.

Decided June 30, 1987.

John R. Williams (Williams and Wise, New Haven, Conn., of counsel), for defendant-appellant.

James T. Cowdery, Asst. U.S. Atty., Bridgeport, Conn. (Stanley A. Twardy, Jr., U.S. Atty. for the District of Connecticut, of counsel), for appellee.

Before PRATT, MINER and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Following a jury trial in the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*), a judgment was entered forfeiting to the United States all of defendant McKeithen's interest in certain real property. Defendant appeals. We reverse and remand.

## BACKGROUND

In September, 1985, defendant was indicted with ten others for conspiring to distribute cocaine and heroin. Defendant was further charged with conducting a "continuing criminal enterprise" ("CCE") in violation of 21 U.S.C. § 848(a)(1) (1982). At all times relevant to this proceeding, section 848(a)(2) provided that a person convicted of engaging in a CCE "shall forfeit to the United States ... any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise."[1]

Pursuant to Fed.R.Crim.P. 7(c)(2), McKeithen's indictment specified three parcels of realty, all located in Stamford, Connecticut, as being subject to forfeiture. Defendant pleaded guilty to the CCE charge; the forfeiture case was tried to the

---

**1.** The current statutory scheme may be found at 21 U.S.C. §§ 848, 853 (Supp. II 1984).

jury in June, 1986. At its conclusion, Judge Eginton charged the jury, submitting special verdict forms pursuant to Fed. R.Crim.P. 31(e).[2] The jury found that McKeithen had an interest in each of the properties specified in his indictment, and that his interest in each "afforded a source of influence over" his criminal enterprise.

Over the government's objection, Judge Eginton then submitted additional interrogatories to the jury which asked, with respect to each of the three parcels, "What portion of the defendant's interest in [the particular parcel] has the government proved beyond a reasonable doubt afforded Mr. McKeithen a source of influence over the continuing criminal enterprise?" The jury found that 100% of each of two parcels afforded defendant a source of influence over his criminal enterprise. With respect to the third (the "Greenwich Avenue property"), however, the jury found that only 43% of the parcel afforded defendant such an influence. This allocation was undoubtedly based on evidence showing that the Greenwich Avenue property contained two buildings, one a two-family house and the other a six-family apartment dwelling. The government's case established that defendant's narcotics enterprise operated out of the two-family house; the six-apartment unit, on the other hand, was not engaged in the narcotics enterprise.

The government thereupon moved for an order forfeiting all of McKeithen's interest in the Greenwich Avenue property notwithstanding the jury's supplemental special verdict. Judge Eginton granted the government's motion and entered a judgment forfeiting McKeithen's entire interest in all three properties. The district court was influenced by the testimony of an expert in real estate conveyancing, who stated that subdivision of the Greenwich Avenue parcel was legally impossible.

Defendant appeals the forfeiture of his entire interest in his Greenwich Avenue property. We reverse and remand for entry of judgment in accordance with the jury verdict.

## DISCUSSION

Criminal forfeiture proceedings are actions *in personam*. *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986); *United States v. Garrett*, 727 F.2d 1003, 1012 (11th Cir.1984) (quoting *United States v. Long*, 654 F.2d 911, 914 (3d Cir.1981)), *aff'd*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). Thus, forfeiture is imposed "directly on an individual as part of a criminal prosecution rather than in a separate proceeding in rem against the property subject to forfeiture." *United States v. Huber*, 603 F.2d 387, 396 (2d Cir.1979), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). The government must allege forfeiture in the information or indictment,[3] and carries the burden of proof beyond a reasonable doubt. Special verdicts must be returned regarding the forfeiture allegations.[4]

Here, McKeithen argues that the district court impermissibly interfered with his right to have the jury decide the issue of forfeiture when it upset the jury's allocation of taint in favor of the government's motion to forfeit defendant's entire interest in the Greenwich Avenue property. The government contends that neither the governing statute, its legislative history, nor interpretive case law permits proportional forfeiture—that is, once it is found that a defendant owns property which has furnished a "source of influence" over a CCE,

---

**2.** Fed.R.Crim.P. 31(e) provides that "[i]f the indictment or the information alleges that an interest or property is subject to criminal forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any."

**3.** Fed.R.Crim.P. 7(c)(2) provides:
No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture.

**4.** *See* note 2, *supra*. *See also United States v. Garrett*, 727 F.2d 1003, 1012 (11th Cir.1984) (criminal defendant has sixth amendment right to jury trial at forfeiture stage of proceeding), *aff'd*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

all such property is forfeit, "not just that portion that was used in or 'tainted by' the enterprise." Brief for Appellee at 13. Therefore, while it was perfectly proper—indeed required—for the jury to find that McKeithen had an ownership interest in the Greenwich Avenue parcel and that that parcel afforded him a source of influence over his illegal activities, the government maintains that a jury may not "allocate the taint" as it did here.

The basis of the district court's displacement of the jury's allocation is not entirely clear. In ruling on the government's motion to set aside the supplemental verdict, the court stated:

> After careful review of all papers filed in connection with this motion, and review of the transcript of the testimony of [an expert in Connecticut real estate conveyancing] ..., this court reluctantly concludes that the non-conforming nature of [the Greenwich Avenue property] makes subdivision legally impossible under any conceivable set of circumstances. The property is therefore indivisible and the fact that the front building was never remotely involved in drug transactions is of no avail to the defendant under the case law cited in the supporting memorandum of the government and the opposing memorandum of the defendant. Motion GRANTED.

Joint Appendix at 202.

The district court's ruling cannot stand on the legal impossibility of subdividing defendant's property. As McKeithen points out, there is no reason why the Greenwich Avenue parcel could not be sold with an appropriate division of the proceeds (*i.e.*, the government receiving that portion of the proceeds representing that portion of defendant's property which afforded him a source of control over the CCE). Nor do we think it appropriate that a question of criminal forfeiture under federal law should turn upon the nuances and niceties of local real property law. The question then becomes whether the CCE provision involved here permits proportional forfeiture. We are persuaded that it does.

The starting point in our analysis of the statute is its language. *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). 21 U.S.C. § 848(a)(2)(B) (1982) provides in part that

> [a]ny person who is convicted ... of engaging in a continuing criminal enterprise shall forfeit to the United States ... any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.

The statute calls for forfeiture of "any" of defendant's "property ... affording a source of influence over" a CCE. McKeithen argues that the statute's plain language calls for proportional forfeiture. Since it is not disputed that the six-family dwelling on the Greenwich Avenue parcel had no connection with McKeithen's enterprise, he argues that it is not subject to forfeiture as it plainly did not afford him a source of influence over his illegal operation. The government argues that the plain language of section 848 does not authorize an allocation of taint.

The statute's language is not free from ambiguity, and our examination of its legislative history has not clarified it. The legislative history supports the government's position—with which we fully agree—that in introducing forfeiture into federal criminal law,[5] Congress sought to dissuade individuals from pursuing criminal gain and to eradicate the economic power bases making possible organized criminal and drug-related activities. *See Russello v. United States*, 464 U.S. 16, 26–29, 104 S.Ct. 296, 302–04, 78 L.Ed.2d 17 (1983) (interpreting RICO forfeiture provision); Brief for Appellee at 17–19 (reviewing legislative history); *see also* Note, *A Proposal to Reform Criminal Forfeiture under RICO and CCE*, 97 Harv.L.Rev. 1929, 1930 (1984). The avowed legislative purpose behind sec-

---

5. Congress did so in 1970 in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (1982 & Supp. III 1985) ("RICO"), and in the CCE statute, 21 U.S.C. § 848 (1982).

*See* Note, *A Proposal to Reform Criminal Forfeiture under RICO and CCE,* 97 Harv.L.Rev. 1929, 1929 (1984).

tion 848 furnishes us little basis, however, upon which to choose between the two conflicting interpretations urged upon us.

The government candidly concedes that it has been unable to locate any decisions construing section 848(a)(2)(B). It points out, however, that there are numerous extant decisions which interpret 18 U.S.C. § 1963(a)(2), a similar provision of RICO.

The first case cited by the government, *United States v. Walsh,* 700 F.2d 846 (2d Cir.), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983), is distinguishable. *Walsh* construed that part of section 1963(a)(2) which requires forfeiture of a defendant's "interest in" an enterprise conducted in violation of 18 U.S.C. § 1962. *See* 700 F.2d at 857. It had no occasion to consider the meaning of the phrase "property ... affording a source of influence over[ ] any enterprise" conducted in violation of section 1962. *United States v. Cauble,* 706 F.2d 1322 (5th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984), and *United States v. Hess,* 691 F.2d 188 (4th Cir.1982), are similar.

In *United States v. Anderson,* 782 F.2d 908 (11th Cir.1986), cited by the government, a jury determined, under 18 U.S.C. § 1963(a), that defendant's interest in a nightclub was subject to forfeiture. Defendant urged that, as the basement of the nightclub was rented to other concerns, it should have been exempt from forfeiture. The Eleventh Circuit rejected the argument, and held that "[a] defendant's conviction under the RICO statute subjects *all*

his interests in the enterprise to forfeiture 'regardless of whether those assets were themselves "tainted" by use in connection with the racketeering activity.' " *Id.* at 918 (emphasis in original) (quoting *Cauble, supra,* 706 F.2d at 1349). Nevertheless, *Anderson,* like the other RICO cases cited by the government, relates to forfeiture of a defendant's interest in a criminal enterprise itself and not to forfeiture of his other property, which, appellant argues, may be forfeited "only to the extent that it affords the defendant a source of influence over the criminal enterprise." Brief for Appellant at 8.

*United States v. Anderson,* 637 F.Supp. 632 (N.D.Cal.1986), though not precisely on point, comes closest to our situation. There, the court interpreted language from the narcotics law's current forfeiture provision, requiring forfeiture of "any of the [defendant's] property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission" of the prescribed violations. 21 U.S.C. § 853(a)(2) (Supp. II 1984).[6] Defendants argued that section 853(a)(2) required proportional forfeiture, that is, forfeiture "of only that portion of any real property that was used to commit or facilitate the commission" of the crime charged. 637 F.Supp. at 635. The court was not aided to any great extent by the relevant legislative history,[7] but nevertheless agreed with the defendants based on the statute's plain language, analogous case law [8] and constitutional considerations.

Here, as in *Anderson,* we think the plain language of section 848(a)(2)(B) will bear

---

**6.** In the case of a person convicted of violating the CCE statute, current law still authorizes forfeiture of "any of [the violator's] interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise." 21 U.S.C. § 853(a)(3) (Supp. II 1984).

**7.** On this point, the court said: "this may very well be a case, as Justice Frankfurter remarked, 'for applying the canon of construction of the wag who said, when the legislative history is doubtful, go to the statute.' *Greenwood v. United States,* 350 U.S. 366, 374, 76 S.Ct. 410, 415, 100 L.Ed. 412 ... (1956) (J. Frankfurter)." 637 F.Supp. at 636.

**8.** For example, the court cited *United States v. About 151.682 Acres of Land,* 99 F.2d 716 (7th Cir.1938), an *in rem* forfeiture proceeding in which the government sought to forfeit a 151-acre tract of farmland on which a distillery was located. The pertinent statutory language called for forfeiture of "all the right, title, and interest, of [the defendant] in the lot or tract of land on which such distillery is situated." *Id.* at 718. The Court rejected the government's argument that the statute called for forfeiture of the entire tract, discerning instead the rule "that there must be some connection or relation between the property sought to be forfeited and the illegal thing or act located or performed on such property." *Id.* at 719.

the meaning McKeithen would have us draw from it. The statute calls for forfeiture of "any of [defendant's] interest in, ... or property ... of any kind affording a source of influence over" a CCE. The word "property" is modified by the phrase "affording a source of influence over," which renders reasonable defendant's proportional forfeiture argument. The government presses several arguments that Congress could have used language which would more specifically compel a ruling in defendant's favor on the point at issue. This is undoubtedly so, but it does not contradict our conclusion that defendant has the better of the argument concerning the language which Congress did employ.

We are guided by two additional principles of construction which are applicable to this case. First, " '[a]ll laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences, should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose.' " *United States v. About 151.-682 Acres of Land*, 99 F.2d 716, 721 (7th Cir.1938) (quoting *United States v. Katz*, 271 U.S. 354, 357, 46 S.Ct. 513, 514, 70 L.Ed. 986 (1926)). We think McKeithen's construction of section 848 is consistent with the legislative aims of deterrence, and destruction of economic power bases, of criminal profiteers. The government's position, on the other hand, could lead to results far more bizarre than the one presented here, and there would appear to be no limiting principle available once the government's argument is accepted.

 Second, "[a]s a criminal statute, section 848 'must be strictly construed, and any ambiguity must be resolved in favor of lenity.' " *United States v. Long*, 654 F.2d 911, 914 (3d Cir.1981) (quoting *United States v. Emmons*, 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973)). *See also Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 605 (1980) (rule of lenity applies to penalties imposed by criminal statutes as well as substantive scope of criminal prohibitions).

In sum, we are persuaded that the statutory language "any ... property ... affording a source of influence over" a criminal enterprise, 21 U.S.C. § 848(a)(2) (1982), means, at least in the context of realty subject to forfeiture, that specific portion of a defendant's property affording a source of influence over the enterprise. In other words, "to forfeit property a connection must be shown with that which offends." *United States v. About 151.682 Acres of Land*, 99 F.2d 716, 720 (7th Cir. 1938). Here, the jury found that the government succeeded in proving beyond a reasonable doubt that 43% of defendant's interest in the Greenwich Avenue property afforded him a source of influence over the CCE. Joint Appendix at 200–01. The government makes no claim that this allocation is factually unreasonable. Brief for Appellee at 10. The verdict should not have been disturbed.

## CONCLUSION

The judgment of forfeiture is reversed, insofar as it directed forfeiture of defendant's entire interest in the Greenwich Avenue property, and the case is remanded for the entry of judgment in accordance with the jury's verdict.