**UNITED STATES of America,**

v.

**COLEMAN COMMERCIAL CARRIER, INC. and Carl Coleman, Defendants.**

**No. S101 CR.1042(LAK).**

United States District Court, S.D. New York.

Nov. 14, 2002.

Christopher P. Conniff, David Berardinelli, Kevin R. Puvalowski, Assistant United States Attorneys, James B. Comey, United States Attorney, New York City, for Plaintiff U.S.

Ronald L. Garnett, New York City, for Defendant Carl Coleman.

Michael B. Lumer, New York City, for Defendant Coleman Commercial Carrier, Inc.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendants Carl Coleman and Coleman Commercial Carrier, Inc. ("CCC, Inc.") were convicted after a jury trial of conspiring to distribute or to possess with the intent to distribute 1,000 kilograms or more of marijuana.[1] The Court previously found that a monetary judgment of forfeiture of $1 million is supported by a preponderance of the evidence in this case. The Court reserved judgment, pending briefing by the parties, on whether the forfeiture order may be joint and several.

---

1. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

For the reasons set forth below, the Court decides that the forfeiture order may and should be joint and several as against defendants Carl Coleman and CCC, Inc.

■ Defendants are subject, by virtue of their convictions to violate the federal narcotics laws, which are punishable by imprisonment for more than one year, to the criminal forfeiture provisions of 21 U.S.C. § 853. Section 853 requires, in relevant part, that a person convicted of an eligible offense forfeit:

"(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." [2]

This Court already has issued, pursuant to Section 853(a)(2), a preliminary order of forfeiture against the defendants with respect to four vehicles, subject to the claims of third-parties pursuant to 21 U.S.C. § 853(n). The principal outstanding issue is whether the Court may impose joint and several liability on each of the defendants for the entire monetary forfeiture judgment.

■ Criminal forfeiture under Section 853 is an *in personam* proceeding, unlike civil forfeiture which is *in rem*.[3] The Supreme Court has recognized that "[t]he text of the relevant statutory provisions makes clear that Congress conceived of forfeiture as *punishment* for the commission of various drug and racketeering crimes."[4] A number of circuits, including the Second, have found that the imposition of joint and several liability to a monetary judgment of criminal forfeiture is appropriate.[5] For example, in *United States v. Hurley*, the First Circuit approved the trial court's holding that coconspirators should forfeit laundered funds obtained by other members of the conspiracy "to the extent that they were reasonably foreseeable to the particular defendant."[6] The

---

**2.** 21 U.S.C. §§ 853(a)(1)—(2).

**3.** *United States v. McKeithen,* 822 F.2d 310, 312 (2d Cir.1987) ("Criminal forfeiture proceedings are actions *in personam."*); *United States v. Sandini,* 816 F.2d 869, 872–73 (3d Cir.1987) (same).

**4.** *Libretti v. United States,* 516 U.S. 29, 38–39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (emphasis added); *cf. McKeithen,* 822 F.2d at 313 ("[I]n introducing forfeiture into criminal law, Congress sought to dissuade individuals from pursuing criminal gain and to eradicate the economic power bases making possible organized crime and drug-related activities.").

The criminal forfeiture provisions of the Comprehensive Drug Abuse Prevention Act ("CDPA") were enacted at the same time as the analogous provisions of RICO, in the Comprehensive Crime Control Act of 1984, P.L. 98–473. As the specific criminal forfeiture provision at issue in this case, 21 U.S.C. § 853(a)(1), is substantially identical to its analog in the RICO statute, 18 U.S.C. § 1963(a)(3), cases decided under one statute are equally authoritative with respect to the other insofar as the issue at bar is concerned. *See United States v. Berg,* 998 F.Supp. 395, 395 n. 1 (LAK) (1998); *United States v. Benevento,* 663 F.Supp. 1115, 1118 n. 2 (S.D.N.Y.1987).

**5.** *United States v. Benevento,* 836 F.2d 129, 130 (2d Cir.1988) (per curiam) (affirming imposition of joint and several liability on defendant under 21 U.S.C. § 853(a)(1) rather than limiting forfeiture to property acquired solely or wholly by defendant); *see, e.g., United States v. Corrado,* 227 F.3d 543, 553 (6th Cir.2000) (applying joint and several liability under 18 U.S.C. § 1963); *United States v. McHan,* 101 F.3d 1027, 1043 (4th Cir.1996) ("conspirators should be liable under § 853 for their drug partnerships' receipts"); *United States v. Hurley,* 63 F.3d 1, 22 (1st Cir.1995) (applying joint and several liability under 18 U.S.C. § 1963).

**6.** *Hurley,* 63 F.3d at 22.

court reasoned that because conspirators are liable for the foreseeable criminal conduct of their coconspirators,[7] so too should they be required to forfeit the proceeds foreseeably reaped by other members of the conspiracy.[8] Furthermore, the court stated:

> "It is largely fortuitous whether an individual co-conspirator happened to possess the laundered funds at a particular point. If conclusive weight were given to who physically handled the money, a low-level courier or money counter could be liable for vast sums, while other higher level conspirators could easily escape responsibility. So long as the amount handled by others is foreseeable as to a defendant, the foreseeable amount represents the sounder measure of liability."[9]

Here, Carl Coleman has admitted that he received proceeds from driving loads of drugs to New York. Given the central role he played in the conspiracy, this Court finds, by a preponderance of the evidence, that it was reasonably foreseeable to him that other members of the conspiracy would reap proceeds accounting for the balance of the $1 million the government seeks to have forfeited. The jury found also that the corporate defendant was liable as a member of the conspiracy, based on the actions of its high managerial agents. The Court likewise finds that it was reasonably foreseeable to the corporate defendant, through its high managerial agents, that proceeds of $1 million would be garnered pursuant to the drug conspiracy.

Defendant CCC, Inc. asserts also that receipt of proceeds is a necessary condition to forfeiture, relying on the following language from *United States v. Benevento:*

> "Once it is established that the defendant *received* the proceeds sought to be forfeited it matters not whether his actions produced the entire property or a portion thereof. The entire proceeds of the illicit property found *in his possession* and derived from the criminal enterprise is subject to forfeiture."[10]

This Court does not read *Benevento* to require that a defendant have possession of proceeds to permit forfeiture. Criminal forfeiture is designed to be punitive. Requiring coconspirators to forfeit reasonably foreseeable proceeds of their criminal activity furthers this legislative purpose. That the crux of criminal forfeiture is punishment, not recovery of particular property, is supported by the fact that the statute permits the forfeiture of substitute property should the actual proceeds or instrumentalities of the criminal activity be unavailable or insufficient.[11] Thus, coconspirators are liable jointly and severally to forfeit the reasonably foreseeable proceeds of their criminal activity. To hold otherwise would encourage strategic behavior on the part of coconspirators to hide funds and thwart the purpose of the criminal forfeiture statute.

Finally, this Court notes that a joint and several forfeiture judgment of $1 million against the defendants is not "grossly disproportional to the gravity of the offense" and thus does not run afoul of

---

7.  *See Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

8.  *Hurley,* 63 F.3d at 22.

9.  *Id.*

10.  *Benevento,* 663 F.Supp. at 1118 (emphasis added), *aff'd,* 836 F.2d 129, 130 (2d Cir.1988) (per curiam).

11.  *See* 21 U.S.C. § 853(p).

the Excessive Fines Clause of the United States Constitution.[12]

SO ORDERED.

---

**12.** *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).