Willard Wilson **WOOD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8331.

United States Court of Appeals
Tenth Circuit.

March 8, 1966.

Rehearing Denied April 18, 1966.

E. Michael Canges, Denver, Colo., for appellant.

Scott McCarty, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief), for appellee.

Before LEWIS and HILL, Circuit Judges, and STANLEY, District Judge.

STANLEY, District Judge.

Appellant was convicted after trial by jury in the District of New Mexico on four counts, each charging forgery of the endorsement of the payee's name on a United States Treasury check. He now appeals, urging error upon nine grounds:

"1. Prior incarceration for extended periods of time on charges of which Appellant was later absolved, specifically, for a great length of time on the charge of murder, of which charge Appellant was not prosecuted.

"2. Admission of a letter written by Appellant to an agent of the F.B.I. while Appellant was incarcerated on investigation of the murder charge aforementioned. This letter was identified by the Appellant during the cross-examination of his testimony as having been written by himself. However, it is urged that this letter contained inflammatory and prejudicial reference to the fact that Appellant was incarcerated during it's (sic) authorship.

"3. Failure of the United States to bring out the witness and co-defendant Linda Walker's total past criminal record which, states Appellant, causes her testimony to be beyond belief.

"4. Incompetence of Appellant's court-appointed attorney at trial.

"5. An excessive sentence in that the convicted co-defendant Walker was sentenced only to one year whereas Appellant was sentenced to eight years on each count of conviction, said sentences to run concurrently.

"6. That the motion to dismiss filed by Appellant's attorney should have been treated by the trial court as a motion for change of venue and that the venue should have been changed.

"7. That the conclusion opined by the government's expert witness was hearsay and should have been excluded from consideration of the jury.

"8. That Appellant was not warned of his rights prior to writing the letter to the F.B.I. which was used as the basis of comparison by the Government's handwriting expert witness. That such should have caused the letter to be suppressed on the grounds of self-incrimination, contrary to Amendment V of the Constitution of the United States.

"9. The trial judge was prejudiced against Appellant."

■ The "prior incarceration" was on other charges, in no way connected with those which resulted in the conviction here appealed.

■ The letter referred to by appellant was written by him before the date of the offenses charged. It formed the basis of the opinion of the government's handwriting expert that the forged endorsements were written by appellant, and was properly received in evidence. See Robinson v. United States, 144 F.2d 392 (6th Cir.), cert. denied, 323 U.S. 789, 65 S.Ct. 311, 89 L.Ed. 629 (1944).

■ Appellant does not suggest what Linda Walker's total past criminal record may have been. On cross-examination, defense counsel brought out the fact that she had been convicted of a felony (uttering one of the checks forged by appellant) and was, at the time of the appellant's trial, serving the sentence imposed following that conviction. The weight of her testimony was for the jury.

■ The record discloses no incompetence on the part of appellant's trial attorney. On the contrary, it appears that appellant was well served by appointed counsel, who took her appointment seriously and who overlooked no opportunity to advance her client's cause or to protect his rights. "Neither vigor nor skill can overcome truth. Success is not the test of effective assistance of counsel." Hester v. United States, 303 F.2d 47, 49 (10th Cir.), cert. denied, 371 U.S. 847, 83 S.Ct. 80, 9 L.Ed.2d 82 (1962).

■ Appellant was sentenced to a term of eight years—two years less than the maximum—on each count, the sentences to run concurrently. It is well established that when a defendant is convicted on several counts a judgment and sentence will not be reversed if the sentence does not exceed that which might lawfully be imposed on any one count. Grant v. United States, 307 F.2d 509 (10th Cir. 1962).

■ The trial court held an evidentiary hearing on appellant's motion to dismiss. The only suggestion that prejudice might exist against the defendant was the statement of trial counsel that "someone is trying to see that this man does not get a fair trial." This statement was made in support of counsel's theory that members of the local police department had attempted to intimidate a witness. Such a statement does not suggest the sort of local prejudice contemplated by Rule 21(a), F.R. Cr.P. The trial court found that there had been no intimidation and that there was no reason to believe that appellant would not receive a fair trial. This finding is supported by the record, in which we find nothing indicating that the motion to dismiss should have been treated as one for change of venue.

■ An expert in handwriting, his qualifications having been established to the satisfaction of the court, compared the admitted handwriting of appellant

with that of the forged endorsements and gave his opinion that all were written by the same person. It is well established that such evidence is admissible. Robles v. United States, 279 F.2d 401 (9th Cir. 1960), cert. denied, 365 U.S. 836, 81 S.Ct. 750, 5 L.Ed.2d 745 (1961). There was proof that the original checks bearing the endorsements had, after being subjected to detailed examination by the expert, been lost in his office in the Treasury Department. The witness identified photostatic copies as accurate representations of the originals, and they were received in evidence. A sufficient foundation was laid for the admission of the copies. McBoyle v. United States, 43 F.2d 273 (10th Cir. 1930), rev'd on other grounds, 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816 (1931). We find no error in the procedures followed by the trial court and none in its rulings.

■ The standard of appellant's handwriting used by the handwriting expert in making his comparison was the letter mentioned in appellant's second point. It was unsolicited, and was written before the commission of the offenses here involved and while he was in custody on an unrelated charge. The letter was addressed voluntarily by the appellant to an agent of the F.B.I. Appellant could hardly have been "warned of his rights prior to writing the letter," when no one but he knew that it was to be written. It was not a confession, and contained no incriminatory statements. It bears no resemblance to the sort of statements dealt with in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed. 2d 246 (1964); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and their progenitors. See Otney v. United States, 340 F.2d 696 (10th Cir. 1965).

■ Appellant sets out no basis for his allegation that the trial judge was prejudiced against him, and we find none in the record.

In a document entitled "Application for Relief", filed after argument and submission of this appeal, appellant, having already accused his appointed trial counsel of incompetence, levels the same charge at counsel appointed to represent him here. This attorney, after careful investigation and research, reached the same conclusion that we have reached—that there is no merit in the claimed errors specified by appellant. Nevertheless, he presented them to this court while frankly admitting that he could find no supporting authority.

■ Appellant, by requesting the appointment of counsel, sought the benefits of the attorney-client relationship as customarily practiced in the American system of jurisprudence. See Williams v. Beto, 5th Cir., 354 F.2d 698, December 28, 1965. An attorney "is bound by all fair and honorable means, to present every defense that the law of the land permits, to the end that no person may be deprived of life or liberty, but by due process of law." Canon 5, American Bar Association Canons of Professional Ethics. This does not require an attorney, whether retained or appointed, to stultify himself by advancing arguments known by him to be without merit.

■ A careful review of the transcript of the trial proceedings and testimony leads unescapably to the conclusion that the verdict was amply supported by the evidence and that there exists no such error, defect or irregularity as would affect appellant's substantial rights. Rule 52, F.R.Cr.P.

Affirmed.