Willard Wilson WOOD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 405–69.

United States Court of Appeals
Tenth Circuit.

Jan. 5, 1970.

Certiorari Denied April 6, 1970.
See 90 S.Ct. 1279.
Rehearing Denied May 28, 1970.

Larry D. Patton, Oklahoma City, Okl., for appellant.

Stephen L. ReVeal, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, HILL and HOLLOWAY, Circuit Judges.

PER CURIAM.

This appeal is taken from an order of the United States District Court for the District of New Mexico denying post-conviction relief sought by appellant under 28 U.S.C. § 2255. Appellant's claims for relief are set forth in two petitions, one filed by Wood pro se on March 14, 1969, and a supplemental motion filed in his behalf by counsel on March 28, 1969. The trial court denied relief at the conclusion of a pre-trial hearing which was followed by an order of the court indicating that each and every contention set forth in the two petitions had earlier been set at rest either by this court's consideration on direct appeal of Wood's conviction, Wood v. United States, 10 Cir., 357 F.2d 425, or in an earlier district court evidentiary hearing accorded Wood under § 2255 from which no appeal was taken.

From our examination of the complete transcript of Wood's earlier evidentiary § 2255 hearing and a reexamination of the original trial record we conclude that the trial court was manifestly correct, with a single exception, in summarily rejecting appellant's numerous contentions as earlier adjudicated to be without merit and thus repetitive. The single exception lies in the allegation contained in Wood's pro se petition which asserts that his original conviction was based in part on the perjured testimony of the witness Walker, such alleged perjury being known to the prosecution.

Although certain aspects of the witness Walker's testimony were reviewed by this court on direct appeal, 357 F.2d 425 at 426–427, the appeal contained no issue involving known perjury. Nor did Wood's earlier § 2255 petition raise such an issue. To summarily reject the claim on the premise of the earlier proceedings would be error. Alternatively, if the contention was abandoned during the pre-trial proceedings or found to be incapable of evidentiary support, such bases for judicial disposition do not appear affirmatively in this record. We must therefore remand the case for further consideration on this single issue. In all other respects the judgment of the trial court is affirmed.