**UNITED STATES of America, Plaintiff,**

v.

**Kent RUTHERFORD, Defendant.**

No. 8:99CR120.

United States District Court, D. Nebraska.

March 22, 2000.

Russell X. Mayer, Asst. U.S. Atty., Omaha, NE, for Plaintiff.

Clarence E. Mock, III, Johnson, Mock Law Firm, Oakland, NE, for Defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### I. Introduction

On June 23, 1999, the government filed a two-count indictment charging the defendant in Count I with Bank Fraud, in violation of 18 U.S.C. § 1344(1) and in Count II with the crime Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b)(2). On July 29, 1999, the defendant was arraigned on the indictment and pled not guilty to both counts. Before the Court is the defendant's motion in limine (filing 32 ), which seeks to exclude testimony by the government's forensic document examiner, Marlon Rauscher, on the definitive issue of authorship or, in the alternative,

seeks a limiting jury instruction. In support of his motion in limine, the defendant has submitted a brief. The government has submitted an opposition brief as well as copies of its forensic document examiner's resume, report, and the curriculum vitaes of defense witness Michael Saks and the government's rebuttal expert, Moshe Kam (filing 54).

On December 10, 1999, the Court conducted a hearing on the defendant's motion in limine. The government's forensic document examiner ("FDE"), Marlin Gene Rauscher, testified as did the defendant's expert, Michael J. Saks, Professor of Law and Psychology at the University of Iowa College of Law. The government's rebuttal expert, Moshe Kam, Professor of Engineering at Drexel University, was unable to appear personally and participated in the hearing via telephone. The Court granted the government's motion to continue the hearing to allow Professor Kam to testify in person in response to Professor Saks' testimony. The Court granted the motion and continued the hearing on December 23, 1999, wherein Professor Kam testified. Following the December 23, 1999, hearing, Professor Saks was granted leave to review the latest study on forensic document examiner expertise and to provide the court with his written comments. Professor Kam was also granted leave to provide a response to "Review of Kam, Gummadidala, Fielding, & Conn," authored by Professor Saks. Both Professors Saks and Kam have submitted their reports directly to chambers.

At the coming trial in this case, Forensic Document Examiner ("FDE") Marlin Rauscher is expected to offer testimony related to three documents: (1) a buyer registration form; (2) a check numbered 2542 drawn on the account of George Hipke at the First National Bank of Ainsworth; and (3) a load-out sheet from the Columbus Sale Barn. As to the buyer registration form, FDE Rauscher is expected to testify that Rutherford positively signed the registration form. As to the check,

FDE Rauscher is expected to testify that Hipke probably was not the writer of the signature and that a strong probability exists that Rutherford was the writer of the signature. As to the load-out sheet, FDE Rauscher is expected to testify the Rutherford is probably the writer of the writing that appears on the bottom of the sheet.

The defendant moves the Court for a ruling that while a FDE's testimony as to significant similarities and dissimilarities between the genuine and challenged exemplars is admissible as nonscientific or skilled testimony under FRE 702, a FDE is precluded from rendering an ultimate conclusion on authorship or from testifying as to the precise levels of confidence in his opinions as to genuineness. In the alternative, the defendant argues that if the FDE is allowed to give his opinion on the ultimate issue of authorship, then a limiting jury instruction is necessary.

In opposition to the motion in limine, the government argues that if the Court finds that FDE Rauscher's testimony meets the requirements of Rule 702 of the Federal Rules of Evidence, then the Court should permit him to testify as to his opinions on ultimate issues within his area of expertise. The government contends that no published cases exist in the Eighth Circuit precluding a qualified FDE from giving his opinion with a corresponding degree of certainty on the ultimate issue of authorship. Lastly, in light of the Eighth Circuit Model Criminal Jury Instruction 4.10 entitled "Opinion Evidence, Expert Witness," the government contends that any additional limiting jury instruction is inappropriate and unnecessary.

## II. Analysis

 This motion in limine raises the issue of the application of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) to technical fields, such as handwriting identification, that are not firmly grounded on scientific principles. Under *Daubert/Kumho,* the Court is charged with the role of being a gatekeeper for expert testimony under Rule 104(a) of the Federal Rules of Evidence. As a gatekeeper, the Court should carefully review *expert* testimony under Rules 401 (relevancy), 702 (expert testimony), and 403 ( probative value v. prejudice). Rule 401 requires that proffered evidence be relevant, i.e., tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the proffered evidence. Fed.R.Evid. 401. Rule 702 requires that the testimony be rendered by one qualified as an expert by knowledge, skill, experience, training or education and that the proffered testimony be helpful to the trier of fact in understanding the evidence or to determine a fact in issue. Fed.R.Evid. 702. Rule 403 requires that relevant evidence be excluded "if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403.

 In the instant case, there is no dispute that testimony relating to handwriting analysis is relevant to proving a forgery case and that the government's FDE, Marlin Rauscher, qualifies as an expert in the technical field of handwriting analysis. There is also no dispute that testimony from a FDE is likely to be helpful to jurors. What counsel dispute is whether FDE Rauscher should be permitted at trial to offer his opinions on the ultimate issue of authorship as well as to the degree of certainty on which he bases his opinion.

In resolving this dispute, it is helpful to separate FDE Rauscher's proffered expert testimony into two components:

(1) comparing the stylistics of the defendant's handwriting from handwriting exemplars and the handwriting(s) on the questioned documents (e.g. buyer's registration form, check, and load out sheet), i.e., identifying and explaining the physical mechanics and characteristics and discussing the similarities and

dissimilarities between the writings; and

(2) concluding to some degree of certainty that an individual is the author of a signature or other writing on a questioned document.

In his motion in limine, the defendant does not attempt to exclude the first component of FDE Rauscher's proffered testimony, e.g., the similarities and differences between the defendant's handwriting and the handwriting on the questioned documents. Rather, the defendant seeks to exclude the second component of the FDE Rauscher's proffered testimony—specifically, that the signatures or other writings on the questioned documents were penned by the defendant's hand. During FDE Rauscher's cross-examination, defense counsel effectively highlighted several scientific deficiencies in the expert's handwriting analysis. In particular, there was no blind external proficiency testing involved which could demonstrate any scientific reliability. FDE Rauscher admitted that he was not given samples of anonymous writings and then given the questioned documents for the purpose of determining which one of the anonymous writers wrote the questioned documents (Tr. 68:18–25). Instead, prior to Rauscher's analysis, the government identified the author of the exemplars (samples) and explained its theory that the writer of the exemplars and the checks was the author of the questioned documents (e.g., check and load-out sheet) (Tr. 69:3–7). Therefore, FDE Rauscher admitted that he was not given an opportunity to examine a greater universe of people who could have possibly written the check and load-out sheet, other than the defendant who wrote the exemplars and the checks (Tr. 69:12–16).

A well prepared and executed cross-examination of Rauscher exposed additional deficiencies in the technical field of handwriting analysis. FDE Rauscher testified that unlike fingerprint identification, there is no specific number of characteristics an FDE is required to find before declaring that a positive match has been made. Rather, FDE Rauscher testified that a match is declared upon the subjective satisfaction of the FDE performing the handwriting analysis based on his education, training, and experience (Tr. 69:22–25; 70:1, 21–22; 71:1–2). FDE Rauscher further testified that he knew of no generally accepted published standards governing handwriting analysis that are both empirically based and regularly peer-reviewed (Tr. 71:8–14).

Having reviewed the four Kam studies submitted by the government and critiqued by defense witness Professor Saks, the Court concludes that handwriting analysis testimony on unique identification lacks both the validity and reliability of other forensic evidence, such as fingerprint identification or DNA evidence. *Cf. Santillan,* 1999 WL 1201765, *5 (N.D.Cal. Dec.3, 1999). As such, the Court finds it is prudent to join an ever-growing number of federal district courts that have found it necessary to place limits on the proffered testimony of a handwriting expert. *See e.g., United States v. Van Wyk,* 83 F.Supp.2d 515 (D.N.J. 2000); *United States v. Santillan,* 1999 WL 1201765 (N.D.Cal. Dec.3, 1999); *United States v. Hines,* 55 F.Supp.2d 62 (D.Mass.1999); and *United States v. McVeigh,* 1997 WL 47724 (D.Colo. Feb. 5, 1997). Like these federal trial courts, this Court finds it necessary to preclude FDE Rauscher from offering ultimate conclusions as to authorship of questioned documents.

Furthermore, while the evidence adduced at the *Daubert/Kumho* hearing established that FDE Rauscher meets the minimum requirements under Rule 702 to qualify as a nonscientific expert witness, there was no evidence adduced to support the nine-level scale of probabilities adopted by the American Board of Forensic Document Examiners for conclusions as to handwriting identification (Tr. at 34–35). *Cf. United States v. Starzecpyzel,* 880 F.Supp. 1027, 1048 (S.D.N.Y.1995). Ac-

cordingly, the Court shall preclude FDE Rauscher from testifying to the degree of probability, confidence, or certainty underlying his proffered opinions.

### III. Conclusion

In summary, the Court concludes that FDE Rauscher's testimony meets the requirements of Rule 702 to the extent that he limits his testimony to identifying and explaining the similarities and dissimilarities between the known exemplars and the questioned documents. FDE Rauscher is precluded from rendering any ultimate conclusions on authorship of the questioned documents and is similarly precluded from testifying to the degree of confidence or certainty on which his opinions are based. Because the Court finds that placing limits on FDE Rauscher's expert testimony will be more effective than a limiting instruction, the Court shall deny the defendant's request for a special limiting jury instruction on forensic document examiners. The Court agrees with the government that the Eighth Circuit Model Criminal Jury Instruction 4.10 on expert witnesses is the appropriate instruction.

**IT IS HEREBY ORDERED** that the defendant's motion in limine (filing 32) is granted insofar as FDE Rauscher is precluded from rendering an ultimate conclusion on the authorship of questioned documents and is further precluded from testifying to opinions based on a precise degree of confidence or certainty.