**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Lewis HERNANDEZ,
Defendant–Appellant.**

**Diane E. Courselle, Amicus Curiae.**

**No. 01–1194.**

United States Court of Appeals,
Tenth Circuit.

June 19, 2002.

---

**174**

Before TACHA, Chief Circuit Judge, McWILLIAMS, Senior Circuit Judge, and RUSSELL, Chief District Judge.*

## ORDER AND JUDGMENT **

McWILLIAMS, Senior Circuit Judge.

A jury sitting in the United States District Court for the District of Colorado convicted Joseph Lewis Hernandez ("the defendant") on 12 counts of making, and aiding and abetting the making, of false claims against the United States, in violation of 18 U.S.C. §§ 287 and 2. The district court sentenced the defendant to five months imprisonment, to be followed by three years supervised release. He was also ordered to pay special assessments totaling $600 and to pay $23,440.10 in restitution to the Internal Revenue Service ("IRS"). On appeal, the defendant raises one issue, which counsel frames as follows: "Did the district court abuse its discretion in permitting 'expert' testimony on the subject of handwriting identification?" Believing that the district court in so doing did not abuse its discretion, we affirm.

Since the sufficiency of the evidence is not challenged on appeal, we need not recount in detail the evidentiary matter before the jury. It is sufficient for present purposes to simply state that the defendant operated a part-time bookkeeping and income tax preparation business under the name of "Hernandez Business Services." The evidence indicates that the defendant made, and assisted others in making, false tax claims filed with the IRS and then splitting the proceeds received on such claims. Three persons testified that they signed claims prepared by the defendant, and gave him half the proceeds received from the government. A fourth person testified that he refused the defendant's solicitation, but that the defendant nonetheless filed three false claims for refunds on his behalf. A fifth person testified that he was completely unaware that the defendant had filed two claims for refunds in his name. The evidence also indicated that based on these false claims for tax refunds, the IRS issued seven refund checks totaling $13,248.50.

On April 30, 1999, the government announced its intention to introduce expert testimony from a document examiner to

---

* Honorable David L. Russell, Chief District Judge of the Western District of Oklahoma, sitting by designation.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

establish defendant's authorship of the false tax returns and supporting documents. On September 7, 1999, the defendant filed a motion *in limine* to exclude such testimony, arguing that it did not meet the foundational requirements set forth in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). On October 18, 1999, the district court held an evidentiary hearing on defendant's motion *in limine* at which time the government presented one Joseph Mongelluzzo as its so-called "handwriting expert." He testified, *inter alia*, that he had been a questioned document examiner for some 21 years, the last 12 of which were with the IRS Forensic Laboratory in Chicago, Illinois. He estimated that he had been involved in more than 500 cases involving questioned documents, requiring him to examine more than 100,000 documents, and the he had testified more than 75 times in state and federal courts as an expert in questioned documents cases.

After supplemental briefing by the parties, on October 6, 2000, the district court, in a 19 page memorandum order, granted defendant's motion *in limine* in part, and denied it, in part. More specifically, the district court, after holding that Mongelluzzo qualified "as an expert on questioned documents," ruled that Mongelluzzo's proffered testimony "identifying the physical mechanics and characteristics of handwriting and then pointing out similarities between the questioned documents and defendant's known exemplars" was admissible under *Daubert* and Rule 702.[1] However, at the same time the district court ruled that the "Government will be barred from offering any testimony concerning Mongelluzzo's belief that the handwriting on the questioned income tax returns and supporting documents is that of the defendant, or Mongelluzzo's belief that, even though the author of some of the documents is unknown, that these documents share a common authorship."[2]

In line with its pre-trial order on defendant's motion *in limine*, at trial the district court allowed Mongelluzzo to testify concerning the "physical mechanics and characteristics of handwriting," and to point out to the jury the "similarities between the questioned documents and defendant's known exemplars." However, the district court did not allow the government's expert witness, Joseph Mongelluzzo, to give his "opinion" on whether the false tax claims were, in whole or in part, in defendant's handwriting.[3]

1. Rule 702 of the Federal Rules of Evidence governs the admissibility of scientific and technical expert testimony and requires a determination that the proffered expert testimony (1) is based on scientific or technical knowledge, and (2) will assist the trier of fact to understand the evidence or determine a fact in issue. *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786; *Goebel v. Denver & Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir.2000).

2. District court cases allowing a qualified handwriting expert to testify as to the "similarities" between a challenged document and a known exemplar, but not allowing the expert to express his "opinion" on the matter, see *United States v. Van Wyk*, 83 F.Supp.2d 515 (D.N.J.2000), *United States v. Rutherford*, 104 F.Supp.2d 1190 (D.Neb.2000), and *United States v. Hines*, 55 F.Supp.2d 62 (D.Mass. 1999). But see, *United States v. Saelee*, 162 F.Supp.2d 1097 (D.Alaska 2001).

3. For post-Daubert cases upholding the admission of "opinion" testimony of an expert handwriting witness as to the defendant's authorship of a questioned document, see *United States v. Jolivet*, 224 F.3d 902, 905–06 (8th Cir.2000), *United States v. Paul*, 175 F.3d 906, 909–11 (11th Cir.), *cert. denied*, 528 U.S. 1023, 120 S.Ct. 535, 145 L.Ed.2d 415 (1999), and *United States v. Velasquez*, 64 F.3d 844, 848–50 (3rd Cir.1995).

On appeal, the defendant, for obvious reasons, appeals only the first part of the district court's order, and the government has not appealed the district court's exclusion of any "opinion" testimony by Mongelluzzo as to whether the defendant authored the false tax claims. (By order of this Court, an amicus was appointed "to argue in support of" the district court's order, and thereafter the amicus filed a brief and participated in oral argument.) So, we are not here concerned with the district court's exclusion of "opinion" testimony by Mongelluzzo.

Be that as it may, the parties agree that the district court's order allowing Mongelluzzo to testify as to the similarities between the false tax claims and defendant's examplars is reviewed by us under an "abuse of discretion" standard. *General Elec. Co. v. Joiner,* 522 U.S. 136, 138, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Kumho,* 526 U.S. at 152, 119 S.Ct. 1167; *Goebel v. Denver & Rio Grande Western R.R. Co.,* 215 F.3d 1083, 1087 (10th Cir.2000).[4] In *Kumho* at 152, 119 S.Ct. 1167, the Supreme Court spoke as follows:

> Our opinion in *Joiner* makes clear that a court of appeals is to apply an abuse-of-discretion standard when it "review[s] a trial court's decision to admit or exclude expert testimony." 522 U.S., at 138–139, 118 S.Ct. 512. That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion. Otherwise, the trial judge would lack the discretionary authority needed both to avoid unnecessary "reliability" proceedings in ordinary cases where the reliability of an

expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises. Indeed, the Rules seek to avoid "unjustifiable expense and delay" as part of their search for "truth" and the "jus[t] determin[ation]" of proceedings. Fed. Rule Evid. 102. Thus, whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine. See *Joiner, supra,* at 143, 118 S.Ct. 512.

In this circuit, abuse of discretion has been defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir.1999). Due deference is given to the district court's evaluation of the evidence "unless it finds no support in the record, deviates from the appropriate legal standard, or follows from a plainly implausible, irrational, or erroneous reading of the record." *United States v. Robinson,* 39 F.3d 1115, 1116 (10th Cir. 1994).

As mentioned, the district court conducted an evidentiary hearing on defendant's motion *in limine* to exclude *all* testimony of Mongelluzzo. After that hearing, and after supplemental briefing, by the parties, the district court, in due time issued its 19 page memorandum and order. In that memorandum and order the district court considered all aspects of *Daubert* and *Kumho,*[5] and then issued its Solomonic

---

**4.** In *Goebel,* a case involving expert testimony, we reversed a judgment and remanded the case to the district court, not because it "abused its discretion" in admitting the expert's testimony, but because the district court failed to make "specific findings on the record [which adequately demonstrated] that

it has performed its duty as a gate keeper." *Id.* at 1088. In the instant case, the district court held an evidentiary hearing on the matter, and filed a 19 page memorandum and order.

**5.** Prior to *Daubert* and *Kumho,* it was "well established" that a properly qualified hand-

order which apparently pleased and displeased both parties! Be that as it may, all things considered, we now conclude that a fair reading of the district court's order clearly indicates that the district court did not "abuse" its admitted discretion in the matter.[6]

Judgment affirmed.

writing expert could give opinion testimony about the authorship of a questioned document. *Wood v. United States*, 357 F.2d 425, 427–8 (10th Cir.), *cert. denied*, 385 U.S. 866, 87 S.Ct. 129, 17 L.Ed.2d 94 (1966); *United States v. Ready*, 574 F.2d 1009, 1015 (10th Cir.1978).

6. We reject counsel's suggestion that under Fed.R.Evid. 403 the district court erred in allowing any testimony from Mongelluzzo.